# **EXHIBIT 1**

## SETTLEMENT AGREEMENT

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release, dated February 20 2024, is made and entered into by and among Plaintiffs, for themselves individually and on behalf of the Settlement Class (as defined below), and Defendant Onix Group, LLC ("Onix"). This Settlement Agreement fully and finally resolves and settles all of Plaintiffs' and the Settlement Class's Released Claims, upon and subject to the terms and conditions hereof, and subject to the Court's approval.

## RECITALS

**WHEREAS**, on March 27, 2023, Onix experienced a ransomware incident that affected its internal computer systems (the "Data Incident").

**WHEREAS, a** subsequent investigation determined that an unauthorized person accessed Onix's network between March 20, 2023 and March 27, 2023, corrupted certain systems, and removed a subset of files.

**WHEREAS**, the information contained in the files varied by individual, but may have included individuals' names, Social Security numbers, dates of birth, and other sensitive information. The files also contained information maintained for human resources purposes, including names, Social Security numbers, direct deposit information, and health plan enrollment information (collectively, "Private Information").

**WHEREAS**, Onix began notifying impacted individuals about the Data Incident on or around May 26, 2023.

**WHEREAS**, the initial complaints arising out of the Data Incident were filed in the United States District Court for the Eastern District of Pennsylvania on beginning on June 15, 2023.

**WHEREAS**, on July 19, 2023, the Court issued an order consolidating the related cases pursuant to Fed. R. Civ. P. 42 and appointing Benjamin F. Johns of Shub & Johns LLC and Gary Klinger of Milberg Coleman Bryson Phillips Grossman PLLC as interim co-lead counsel pursuant to Federal Rule of Civil Procedure 23(g).

**WHEREAS**, on September 15, 2023, Plaintiffs filed the operative Consolidated Class Action Complaint.

**WHEREAS**, on November 1, 2023, the Parties filed a joint motion to extend the period of time for Onix to respond to the Consolidated Class Action Complaint so that the Parties could focus on a mediation that had been scheduled with mediator Bennett G. Picker, Esq. on November 20, 2023.

**WHEREAS**, in preparation for the scheduled mediation, the Parties exchanged certain information and documents. The Parties also prepared for mediation by laying out their respective positions on the litigation, including with respect to the merits, class certification and settlement, to each other and to the mediator.

**WHEREAS**, in the weeks prior to the mediation, the Parties maintained an open dialogue concerning the contours of a potential agreement to begin settlement negotiations.

**WHEREAS**, on November 20, 2023, the Parties engaged in a mediation session before Mr. Picker. The mediation assisted the Parties in resolving their outstanding differences, but the Parties were unable to reach a settlement on the day of mediation. Mr. Picker subsequently made a mediator's proposal that resulted in an agreement to settle this matter in principle. In the time that followed that mediation session, the Parties were able to finalize all the terms of this Settlement Agreement.

**WHEREAS**, pursuant to the terms set forth below, this Agreement resolves all actual and potential claims, actions, and proceedings as set forth in the release contained herein, by and on behalf of Plaintiffs and the members of the Settlement Class defined herein, but excludes the claims of all Class Members who opt out from the Settlement Class pursuant to the terms and conditions herein.

**WHEREAS**, Plaintiffs' Counsel have thoroughly examined the law and facts relating to the matters at issue in the Action, Plaintiffs' claims, and Onix's potential defenses, including conducting an independent investigation and confirmatory discovery, conferring with defense counsel through the settlement negotiation process, as well as conducting an assessment of the merits of expected arguments and defenses throughout the litigation, including on a motion for class certification. Based on a thorough analysis of the facts and the law applicable to Plaintiffs' claims in the Action, and taking into account the burden, expense, and delay of continued litigation, including the risks and uncertainties associated with litigating class certification and other defenses Onix may assert, a protracted trial and appeal(s), as well as the opportunity for a fair, cost-effective, and assured method of resolving the claims of the Settlement Class, Plaintiffs and Class Counsel believe that resolution is an appropriate and reasonable means of ensuring that the Class is afforded important benefits expediently. Plaintiffs and Class Counsel have also taken into account the uncertain outcome and the risk of continued litigation, as well as the difficulties and delays inherent in such litigation.

**WHEREAS**, Plaintiffs and Class Counsel believe that the terms set forth in this Settlement Agreement confer substantial benefits upon the Settlement Class and have determined that they are fair, reasonable, adequate, and in the best interests of the Settlement Class.

**WHEREAS**, Onix has similarly concluded that this Agreement is desirable in order to avoid the time, risk, and expense of defending protracted litigation, and to resolve finally and completely the claims of Plaintiffs and the Settlement Class.

**WHEREAS**, this Agreement, whether or not consummated, and any actions or proceedings taken pursuant to this Agreement, are for settlement purposes only, and Onix specifically denies any and all wrongdoing. The existence of, terms in, and any action taken under or in connection with this Agreement shall not constitute, be construed as, or be admissible in evidence as, any admission by Onix of (i) the validity of any claim, defense, or fact asserted in the Action or any other pending or future action, or (ii) any wrongdoing, fault, violation of law, or liability of any kind on the part of the Parties.

**WHEREAS**, the foregoing Recitals are true and correct and are hereby fully incorporated in, and made a part of, this Agreement.

**NOW, THEREFORE**, in consideration of the promises, covenants, and agreements herein described and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, the Parties do hereby mutually agree, as follows:

1.     **DEFINITIONS**

As used in this Agreement, the following terms shall be defined as follows:

1.1    "Action" means the consolidated cases captioned *In re Onix Group, LLC Data Breach Litigation*, Case No. 23-2288-KSM, pending in the United States District Court for the Eastern District of Pennsylvania.

1.2    "Administrative Expenses" means all charges and expenses incurred by the Settlement Administrator in the administration of this Settlement, including, without limitation, all expenses and costs associated with claims administration, the Notice Plan and providing Notice to the Settlement Class. Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

1.3    "Agreement" or "Settlement Agreement" means this Class Action Settlement Agreement and Release. The terms of the Settlement Agreement are set forth herein including the exhibits hereto.

1.4    "Approved Claim(s)" means a claim as evidenced by a Claim Form submitted by a Class Member that (a) is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement; (b) is physically signed or electronically verified by the Class Member; (c) satisfies the conditions of eligibility for a Settlement Benefit as set forth herein; and (d) has been approved by the Settlement Administrator.

1.5    "Business Days" means Monday, Tuesday, Wednesday, Thursday, and Friday, excluding holidays observed by the federal government.

1.6    "CAFA Notice" means the notice to be disseminated to appropriate federal and state officials pursuant to the requirements of 28 U.S.C. § 1715(b) and in accordance with this Agreement.

1.7    "Claimant" means a Class Member who submits a Claim Form for a Settlement Payment.

1.8    "Claim Form" means the form attached hereto as **Exhibit A**, as approved by the Court. The Claim Form must be submitted physically (via U.S. Mail) or electronically (via the Settlement Website) by Class Members who wish to file a claim for their given share of the Settlement Benefits pursuant to the terms and

conditions of this Agreement. The Claim Form shall be available for download from the Settlement Website. The Settlement Administrator shall mail a Claim Form, in hardcopy form, to any Class Member who so requests.

1.9     "Claims Deadline" means the date by which all Claim Forms must be received to be considered timely and shall be set as the date ninety (90) days after the Notice Date. The Claims Deadline shall be clearly set forth in the Long Form Notice, the Summary Notice, the Claim Form, and the Court's order granting preliminary approval.

1.10    "Class Counsel" means Benjamin F. Johns, Esq. of Shub & Johns LLC and Gary M. Klinger, Esq. of Milberg Coleman Bryson Phillips Grossman, PLLC as Settlement Class Counsel (collectively "Class Counsel" or "Settlement Class Counsel").

1.11    "Class Member" means a member of the Settlement Class.

1.12    "Class Representatives" and "Plaintiffs" means Eric Meyers, Donald Owens, Aida Albino Wimbush, Ashtyn Mark, Leah Simione, Melissa Lyston, and Angela Haynie.

1.13    "Court" means the United States District Court for the Eastern District of Pennsylvania.

1.14    "Data Incident" refers to the unauthorized access that is the subject of the Action and that occurred on Onix's computer network between March 20, 2023 and March 27, 2023.

1.15    "Documented Loss" refers to monetary losses incurred by a Class Member and supported by Reasonable Documentation for attempting to remedy or remedying issues that are more likely than not a result of Data Incident, as further described below. Documented Loss must be supported by Reasonable Documentation that a Class Member actually incurred unreimbursed losses and consequential expenses that are more likely than not a result of the Data Incident and incurred on or after March 27, 2023.

1.16    "Effective Date" means the date upon which the Settlement contemplated by this Agreement shall become effective as set forth in Section 10.1 below.

1.17    "Entity" means any person, corporation, partnership, limited liability company, association, trust, agency, or other organization of any type.

1.18    "Fee Award and Costs" means the amount of attorneys' fees and reimbursement of reasonable litigation costs and expenses awarded by the Court to Class Counsel, to be paid from the Settlement Fund.

1.19    "Final Approval Order" means the order to be entered by the Court after the Final Approval Hearing, which approves the Settlement Agreement.

1.20   "Final Approval Hearing" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement pursuant to the Federal Rules of Civil Procedure and whether to issue the Final Approval Order and Judgment.

1.21   "Judgment" means a judgment rendered by the Court.

1.22   "Onix's Counsel" or references to counsel for Onix means attorneys Edward J. McAndrew and Sarah A. Ballard at the law firm Baker & Hostetler LLP.

1.23   "Onix" or "Defendant" means Defendant Onix Group, LLC and its current and former affiliates, parents, subsidiaries, and successors.

1.24   "Long Form Notice" means the long form notice of settlement substantially in the form attached hereto as **Exhibit C**.

1.25   "Net Settlement Fund" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) reasonable Administrative Expenses incurred pursuant to this Settlement Agreement, (ii) Service Awards approved by the Court, (iii) any amounts approved by the Court for the Fee Award and Costs, and (iv) applicable taxes, if any.

1.26   "Notice" means notice of the proposed class action settlement to be provided to Class Members pursuant to the Notice Plan approved by the Court in connection with preliminary approval of the Settlement. The Notice shall consist of the Summary Notice, the Long Form Notice, and the Settlement Website and toll-free telephone line.

1.27   "Notice Date" means the date upon which Settlement Class Notice is initially disseminated to the Settlement Class by the Settlement Administrator, which shall be no later than thirty-five (35) days after entry of the Preliminary Approval Order.

1.28   "Notice Plan" means the settlement notice program, as approved by the Court, developed by the Settlement Administrator and described in this Agreement for disseminating Notice to the Class Members of the terms of this Agreement and the Final Approval Hearing.

1.29   "Objection Deadline" means the date by which Class Members must file and postmark required copies of any written objections, pursuant to the terms and conditions herein, to this Settlement Agreement and to any application and motion for (i) the Fee Award and Costs, and (ii) the Service Awards, which shall be sixty (60) days following the Notice Date. The deadline for filing an objection will be clearly set forth in the Settlement Class Notice.

1.30   "Opt-Out Period" means the period in which a Class Member may submit a request to exclude him or herself from the Settlement ("Request for Exclusion"), pursuant to the terms and conditions herein, which shall expire sixty (60) days following the

Notice Date. The deadline for filing a Request for Exclusion will be clearly set forth in the Settlement Class Notice.

1.31   "Parties" means the Plaintiffs and Defendant Onix.

1.32   "Private Information" means information compromised in the Data Incident, including names, dates of birth, patient number, Social Security numbers, driver's license number or state ID, financial account number, and/or medical health insurance information.

1.33   "Preliminary Approval Order" means an order by the Court that preliminarily approves the Settlement (including, but not limited to, the forms and procedure for providing Notice to the Settlement Class), permits Notice to the proposed Settlement Class, establishes a procedure for Class Members to object to or opt out of the Settlement, and sets a date for the Final Approval Hearing, without material change to the Parties' agreed-upon proposed Preliminary Approval Order attached hereto as **Exhibit D**.

1.34   "Reminder Notice" means a subsequent Notice sent to all Settlement Class Members who have not yet filed a claim, by the means used to send the initial Notice (i.e. U.S. Mail). A Reminder Notice may be sent by the Settlement Administrator thirty (30) days prior to the Claims Deadline, in the event that the claims rate (as calculated by the Settlement Administrator) is less than 3% of the Settlement Class 45 days prior to the Claims Deadline. Class Counsel shall decide, in their sole discretion, whether or not to direct the Settlement Administrator to send a Reminder Notice. Any Reminder Notice will be paid for out of the Settlement Fund.

1.35   "Reasonable Documentation" means documentation supporting a claim for Documented Loss including, but not limited to, credit card statements, bank statements, invoices, telephone records, and receipts.

1.36   "Released Claims" means any claim, liability, right, demand, suit, obligation, damage, including consequential damage, loss or cost, punitive damage, attorneys' fees, costs, and expenses, action or cause of action, of every kind or description— whether known or Unknown (as the term "Unknown Claims" is defined herein), suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that was or could have been asserted on behalf of the Settlement Class in the Action related to or arising from the Data Incident, regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, arising out of, or related or connected in any way with the claims or causes of action of every kind and description that were brought, alleged, argued, raised or asserted in any pleading or court filing in the Action.

1.37    "Released Parties" means Defendant and its current and former affiliates, parents, subsidiaries, and successors, including, but not limited to, Addiction Recovery Systems, Cadia Healthcare, Physician's Mobile X-Ray, Cavalier Mobile X-Ray, Onix Group, and Onix Hospitality Group, and their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, members, managing members, employees, equity holders, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing. Each of the Released Parties may be referred to individually as a "Released Party."

1.38    "Service Awards" means the amount awarded by the Court and paid to the Class Representatives in recognition of their role in this litigation, as set forth below.

1.39    "Settlement" means this settlement of the Action by and between the Parties, and the terms thereof as stated in this Settlement Agreement.

1.40    "Settlement Administrator" means Angeion Group, the third-party class action settlement administrator selected by the Parties subject to the approval of the Court. Under the supervision of Class Counsel, the Settlement Administrator shall oversee and implement the Notice Plan and receive any Requests for Exclusion from the Class. Class Counsel and Onix may, by agreement, substitute a different Settlement Administrator, subject to Court approval.

1.41    "Settlement Benefit(s)" means any Settlement Payment, the Credit Monitoring and Insurance Services, the Documented Loss Payments, the Cash Fund Payments, the Prospective Relief set forth in Sections 2 and 3 herein, and any other benefits Class Members receive pursuant to this Agreement, including non-monetary benefits and relief, the Fee Award and Costs, and Administrative Expenses.

1.42    "Settlement Class" and "Class" means all 308,942 natural persons whose Private Information was compromised in the Data Incident and who are not deceased. Excluded from the Settlement Class are: (1) the Judge(s) presiding over the Action and members of their immediate families and their staff; (2) Onix and its affiliates, including their subsidiaries, parent companies, successors, predecessors, and any entity in which Onix or its affiliates and their parents, have a controlling interest, and their current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

1.43    "Settlement Fund" means the sum of $1,250,000.00 to be paid by Onix, as specified in Section 3.1 of this Agreement.

1.44    "Settlement Payment" means any payment to be made to any Class Member for Approved Claims pursuant to Section 3.3 herein.

1.45    "Settlement Website" means the Internet website to be created, launched, and maintained by the Settlement Administrator, and which allows for the electronic submission of Claim Forms and Requests for Exclusion, and provides access to relevant case documents including the Settlement Class Notice, information about the submission of Claim Forms, and other relevant documents, including downloadable Claim Forms.

1.46    "Summary Notice" means the summary notice of the proposed Settlement herein, substantially in the form attached hereto as **Exhibit B**.

1.47    "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants). All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this Agreement (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Agreement) ("Tax Expenses"), shall be paid out of the Settlement Fund. Further, Taxes and Tax Expenses shall be treated as, and considered to be, an Administrative Expense and shall be timely paid by the Settlement Administrator, out of the Settlement Fund, without prior order from the Court and the Settlement Administrator shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Class Members with Approved Claims any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)). The Parties hereto agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Agreement. For the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the Settlement Administrator shall be the "administrator." The Settlement Administrator shall timely and properly file or cause to be filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund and the escrow account (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this Agreement) shall be consistent with this Section and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in this Agreement.

1.48    "Unknown Claims" means any and all Released Claims that Onix or any Class Representative or Class Member does not know or suspect to exist in his, her, or its

favor as of the Effective Date and which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to the Settlement. Class Representatives and Class Counsel acknowledge, and each Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

## 2.     SECURITY COMMITMENTS; PROSPECTIVE RELIEF

2.1     Plaintiffs have received assurances that Onix has adopted, continued, and/or implemented, or will adopt, continue, or implement, reasonable data and information security measures, at its expense, which are designed to strengthen Onix's data and information security. Onix has provided reasonable access to confidential and confirmatory discovery regarding, among other things, the changes and improvements that have been made or are being made to protect Class Members' Private Information. Onix will provide Class Counsel with a declaration attesting to the undertaken or planned data security enhancements at Plaintiffs' request.

## 3.     SETTLEMENT FUND / MONETARY PAYMENT / BENEFITS DETAILS

3.1     Onix agrees to make or cause to be made the Settlement Payment to create the Settlement Fund as follows: within thirty (30) days of entry of the Preliminary Approval Order, and upon receipt from the Settlement Administrator of detailed wire instructions and a completed W-9 form, Onix will pay $300,000 to the Settlement Fund for the Settlement Administrator to defray the actual expenses of Notice and claims administration. Within twenty-one (21) days of the Effective Date, Onix will pay to the Settlement Administrator the Settlement Fund minus the amounts advanced for Notice and claims administration costs as described in the previous sentence. Under no circumstances will Onix have any further monetary obligation, other than payment of the Settlement Fund. To the extent this Settlement Agreement is not finally approved, Onix will be entitled to the return of any amounts not already incurred by the Settlement Administrator in connection with settlement administration.

3.2     The Settlement Payment is to be deposited in an interest-bearing bank escrow account established and administered by the Settlement Administrator (the "Escrow Account"). The Escrow Account shall be held in a Qualified Settlement Fund (defined below) in interest-bearing bank account deposits with commercial banks with excess capital exceeding One Billion United States Dollars and Zero Cents ($1,000,000,000.00), with a rating of "A" or higher by S&P and in an account that is fully insured by the United States Government or the FDIC. The Settlement Fund will be used to pay Approved Claims, Administrative Expenses (to be agreed upon by both parties), the Fee Award and Costs, and Service Awards.

(a)     All interest on the funds in the Escrow Account shall accrue to the benefit of the Settlement Class. Any interest shall not be subject to withholding and

shall, if required, be reported appropriately to the Internal Revenue Service by the Settlement Administrator. The Settlement Administrator is responsible for the payment of all Taxes.

(b)     The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1 at all times after the creation of the Escrow Account. All Taxes shall be paid out of the Escrow Account. Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel shall have no liability or responsibility for any of the Taxes. The Escrow Account shall indemnify and hold Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification). For the purpose of the Internal Revenue Code and the Treasury regulations thereunder, the Settlement Administrator shall be designated as the "administrator" of the Settlement Fund. The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in the previous paragraph) shall be consistent with this paragraph and in all events shall reflect that all taxes (including the Taxes, any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Settlement Administrator shall maintain control over the Settlement Fund and shall be responsible for all disbursements. The Settlement Administrator shall not disburse any portion of the Settlement Fund except as provided in this Agreement and with the written agreement of Class Counsel and Defendant's Counsel or by order of the Court. All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement or further order of the Court.

3.3     <u>Settlement Payments</u>: Each Class Member may qualify and submit a claim for one of the following:

(a)     <u>Documented Loss Payment</u>. Class Members may submit a claim for a Settlement Payment of up to $5,000.00 per Class Member for reimbursement in the form of a Documented Loss Payment. To receive a Documented Loss Payment, a Class Member must choose to do so on their Claim Form and submit to the Settlement Administrator the following: (i) a valid Claim Form electing to receive the Documented Loss Payment benefit; (ii) an attestation regarding any actual and unreimbursed Documented Loss made under penalty of perjury; and (iii) Reasonable Documentation that demonstrates the Documented Loss to be reimbursed pursuant to the terms of the Settlement. If a Class Member does not submit Reasonable Documentation supporting a Documented Loss Payment claim, or if a Class Member's claim for a Documented Loss Payment is rejected

by the Settlement Administrator for any reason, and the Class Member fails to cure his or her claim, the claim will be rejected and the Class Member's claim will instead be automatically placed into the Cash Fund Payment category below.

(b)    Credit Monitoring and Insurance Services ("CMIS"). In the alternative to the Documented Loss Payment or the Cash Fund Payment (defined below), Class Members may elect to claim one year of three-bureau credit monitoring services to be provided by a vendor agreed upon by the Parties. The CMIS benefit will also provide $1 million in identity theft insurance. Said CMIS benefits will be available to Class Members irrespective of whether they took advantage of any previous offering of credit monitoring from Onix. Class Members will not be required to submit any supporting documentation, aside from their completed Claim Form and unique identifier on it, to receive this component of the Settlement.

(c)    Cash Fund Payment. In the alternative to the Documented Loss Payment or the CMIS benefit, Class Members may submit a claim to receive a *pro rata* Settlement Payment in cash ("Cash Fund Payment"). The amount of the Cash Fund Payment will be calculated in accordance with Section 3.8 below. Class Members who submit a Claim for a Cash Fund Payment will not be entitled to select any of the other Settlement Benefits provided for under Section 3.3(a)-(b). Class Members will not be required to submit any supporting documentation, aside from their completed Claim Form or Claim Form for *Pro Rata* Cash Fund Payment Only and unique identifier on it, to receive this component of the Settlement.

3.4    Settlement Payment Methods. Class Members will be provided the option to receive any Settlement Payment due to them pursuant to the terms of this Agreement via various digital methods. In the event that Class Members do not exercise this option with the Settlement Administrator, they will receive their Settlement Payment via a physical check sent to them by U.S. Mail.

3.5    Deadline to File Claims. Claim Forms must be postmarked or received electronically within ninety (90) days after the Notice Date.

3.6    The Settlement Administrator. The Settlement Administrator shall have the authority to determine whether a Claim Form is valid, timely, and complete. To the extent the Settlement Administrator determines a claim is deficient for a reason other than late posting, within a reasonable amount of time, the Settlement Administrator shall notify the Claimant (with a copy to Class Counsel) of the deficiencies and notify the Claimant that he or she shall have thirty (30) days to cure the deficiencies and re-submit the claim. No notification is required for late-posted claims. The Settlement Administrator shall exercise reasonable discretion to determine whether the Claimant has cured the deficient claim. If the Claimant fails to cure the deficiency, the claim shall stand as denied, and the Class Member shall be so notified if practicable.

3.7    Timing of Settlement Benefits. Within ninety (90) days after: (i) the Effective Date; or (ii) all Claim Forms have been processed subject to the terms and conditions of this Agreement, whichever date is later, the Settlement Administrator shall cause funds to be distributed to each Class Member who is entitled to funds based on the selection made on their given Claim Form.

3.8    Distribution of Settlement Payments: The Settlement is designed to exhaust the Settlement Fund. The Settlement Fund shall be used to make payments for the following: (i) Administrative Expenses, (ii) Fee Award and Costs, (iii) Service Award, and (iv) Taxes. The remaining amount is the Net Settlement Fund. The Settlement Administrator will first apply the Net Settlement Fund to pay for CMIS claimed by Class Members. Funds remaining after paying for CMIS will be used by the Settlement Administrator to pay valid claims for Documented Loss Payments. The amount of the Net Settlement Fund remaining after all Documented Loss Payments are applied and the payments for the CMIS are made shall be referred to as the "Post CMIS/DL Net Settlement Fund." The Settlement Administrator shall then utilize the Post CMIS/DL Net Settlement Fund to make all Cash Fund Payments pursuant to Section 3.3(c) herein. The amount of each Cash Fund Payment shall be calculated by dividing the Post CMIS/DL Net Settlement Fund by the number of valid claims submitted for Cash Fund Payments.

In the event the Net Settlement Fund is insufficient to cover the payment for the CMIS claimed by Class Members, the duration of the CMIS coverage will be reduced to exhaust the fund. In such an event, no Net Settlement Funds will be distributed to Claimants for Approved Claims for Documented Loss Payments or for Cash Fund Payments. In the event that the aggregate amount of all Documented Loss Payments and payments for the CMIS exceeds the total amount of the Net Settlement Fund, then the value of the Documented Loss Payment to be paid to each Class Member shall be reduced, on a *pro rata* basis, such that the aggregate value of all Documented Loss Payments and payments due for CMIS does not exceed the Net Settlement Fund. In such an event, no Net Settlement Funds will be distributed to Claimants with Approved Claims for Cash Fund Payments. All such determinations shall be performed by the Settlement Administrator.

3.9    Deadline to Deposit or Cash Physical Checks. Class Members with Approved Claims who receive a Documented Loss Payment or a Cash Fund Payment, by physical check, shall have 120 days following distribution to deposit or cash their benefit check.

3.10   Residual Funds. The Settlement is designed to exhaust the Settlement Fund. To the extent any monies remain in the Net Settlement Fund more than 120 days after the distribution of all Settlement Payments to the class members, a subsequent Settlement Payment will be evenly made to all Class Members with approved claims for Cash Fund Payments who cashed or deposited the initial payment they received, provided that the average check amount is equal to or greater than Three Dollars and No Cents ($3.00). The distribution of this remaining Net Settlement Fund shall continue until the average check or digital payment in a distribution is

12

less than three dollars ($3.00), whereupon the amount remaining in the Net Settlement Fund, if any, shall be distributed by mutual agreement of the Parties to a Court-approved non-profit recipient. Should it become necessary to distribute any remaining amount of the Net Settlement Fund to a Court-approved non-profit recipient, the Parties shall petition the Court for permission to do so, providing the Court with details of the proposed non-profit recipient.

3.11    Returned Payments. For any Settlement Payment returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make one additional effort to make any digital payments and engage in a reasonable efforts to find a valid address (in the case of physical checks) and resend the Settlement Payment within thirty (30) days after the physical check is returned to the Settlement Administrator as undeliverable. The Settlement Administrator shall make one attempt to repay or resend a Settlement Payment.

3.12    Residue of Settlement Fund. No portion of the Settlement Fund shall ever revert or be repaid to Onix after the Effective Date.

3.13    Custody of Settlement Fund. The Settlement Fund shall be deposited into the Escrow Account but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or returned to those who paid the Settlement Fund in the event this Settlement Agreement is voided, terminated, or cancelled. In the event this Settlement Agreement is voided, terminated, or cancelled due to lack of approval from the Court or any other reason, any amounts remaining in the Settlement Fund after payment of all Administrative Expenses incurred in accordance with the terms and conditions of this Agreement, including all interest earned on the Settlement Fund net of any Taxes, shall be returned to Onix and/or its insurer, and no other person or entity shall have any further claim whatsoever to such amounts.

3.14    Non-Reversionary. This is a non-reversionary settlement. As of the Effective Date, all rights of Onix and/or its insurer in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is voided, cancelled, or terminated, as set forth herein. In the event the Effective Date occurs, no portion of the Settlement Fund shall be returned to Onix and/or its insurers.

3.15    Payment/Withdrawal Authorization. No amounts from the Settlement Fund may be withdrawn unless (i) expressly authorized by the Court's order granting approval to the Settlement Agreement or (ii) approved by the Court. The Parties, by agreement, may authorize the periodic payment of actual reasonable Administrative Expenses from the Settlement Fund as such expenses are invoiced without further order of the Court. The Settlement Administrator shall provide Class Counsel and Onix with notice of any withdrawal or other payment the Settlement Administrator proposes to make from the Settlement Fund before the Effective Date at least seven (7) Business Days prior to making such withdrawal or payment.

3.16   <u>Payments to Class Members</u>. The Settlement Administrator, subject to such supervision and direction of the Court and/or Class Counsel as may be necessary or as circumstances may require, shall administer and/or oversee distribution of the Settlement Fund to Class Members pursuant to this Agreement.

3.17   <u>Taxes</u>. All Taxes relating to the Settlement Fund shall be paid out of the Settlement Fund, shall be considered an Administrative Expense, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Taxes do not include any federal, state, and local tax owed by any Claimant, Class Representative, or Class Member as a result of any benefit or payment received as a result of the Settlement. Each Claimant, Class Representative, or Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

3.18   <u>Limitation of Liability</u>.

(a)   Onix and Onix's Counsel shall not have any responsibility for or liability whatsoever with respect to (i) any act, omission or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

(b)   Class Representatives and Class Counsel shall not have any liability whatsoever with respect to (i) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

(c)     The Settlement Administrator shall indemnify and hold Class Counsel, the Settlement Class, Class Representatives, and Onix and Onix's Counsel, harmless for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

## 4.    RELEASE

4.1     Upon the Effective Date, and in consideration of the Settlement Benefits described herein, the Class Representatives and all Class Members identified in the Settlement Class List in accordance with Section 6.4, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, release and discharge all Released Claims, including Unknown Claims, against each of the Released Parties, and agree to refrain from instituting, directing or maintaining any lawsuit, contested matter, adversary proceeding, or miscellaneous proceeding against each of the Released Parties that relates to the Data Incident or otherwise arises out of the same facts and circumstances set forth in the operative Class Action Complaint in this Action. This Settlement releases claims against only the Released Parties. This Settlement does not release, and it is not the intention of the Parties to this Settlement to release, any claims against any third party. Nor does this Release apply to any Class Member who timely excludes himself or herself from the Settlement, or to any Class Member (or the estate of any Class Member) who is deceased.

4.2     The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes that risk of such possible difference in facts and agrees that this Agreement shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

## 5.    REQUIRED EVENTS AND COOPERATION BY PARTIES

5.1     <u>Preliminary Approval</u>. Class Counsel shall submit this Agreement to the Court and shall promptly move the Court to enter the Preliminary Approval Order, in the form attached as **Exhibit D**.

5.2     CAFA Notice. Within ten (10) days after Plaintiffs file the motion for preliminary approval of the Settlement, the Settlement Administrator shall prepare, and Defendant shall provide, CAFA Notice to the appropriate officials of the United States and the applicable states and U.S. territories. The costs of such notice will be paid from the Settlement Fund as an Administrative Expense. When Defendant provides CAFA Notice in accordance with this section, it shall provide copies of the CAFA Notice to Plaintiffs.

5.3     Cooperation. The Parties shall, in good faith, cooperate, assist, and undertake all reasonable actions and steps in order to accomplish all requirements of this Agreement on the schedule set by the Court, subject to the terms of this Agreement. If, for any reason, the Parties determine that the schedule set by the Court is no longer feasible, the Parties shall use their best judgment to amend the schedule to accomplish the goals of this Agreement.

5.4     Certification of the Settlement Class. For purposes of this Settlement only, Plaintiffs and Onix stipulate to the certification of the Settlement Class, which is contingent upon the Court entering the Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date. Should: (1) the Settlement not receive final approval from the Court, or (2) the Effective Date not occur, the certification of the Settlement Class shall be void. Onix reserves the right to contest class certification for all other purposes. Plaintiffs and Onix further stipulate to designate the Class Representatives as the representatives for the Settlement Class.

5.5     Final Approval. The Parties shall request that the Court schedule the Final Approval Hearing for a date that is no earlier than one hundred twenty (120) days after the entry of the Preliminary Approval Order.

## 6.     CLASS NOTICE, OPT OUTS, AND OBJECTIONS

6.1     Notice shall be disseminated pursuant to the Court's Preliminary Approval Order.

6.2     The Settlement Administrator shall oversee and implement the Notice Plan approved by the Court. All costs associated with the Notice Plan shall be paid from the Settlement Fund.

6.3     Direct Notice. No later than the Notice Date, or such other time as may be ordered by the Court, the Settlement Administrator shall disseminate Notice to the Class Members via direct mail.

6.4     Settlement Class List. Within ten (10) days after the issuance of the Preliminary Approval Order, Onix will provide to the Settlement Administrator a list of the names and contact information of the 308,942 Class Members that it has in its possession, custody, or control, and which have had confirmed deceased individuals removed. Everyone on the Settlement Class List will be provided with a unique identifier that they will be asked for when they submit claims. In the event that the claims rate (as calculated by the Settlement Administrator) is less than 3% of the Settlement Class forty-five (45) days prior to the Claims Deadline, the

Settlement Administrator may issue a Reminder Notice thirty (30) days prior to the Claims Deadline, if Class Counsel so directs. The Settlement Administrator will also provide a subsequent Reminder Notice to all Settlement Class Members who have not filed a claim as of ten (10) days before the Claims Deadline.

6.5   Confidentiality. Any information relating to Class Members provided to the Settlement Administrator pursuant to this Agreement shall be provided solely for the purpose of providing Notice to the Class Members (as set forth herein) and allowing them to recover under this Agreement; shall be kept in strict confidence by the Parties, their counsel, and the Settlement Administrator; shall not be disclosed to any third party; shall be destroyed after all distributions to Class Members have been made; and shall not be used for any other purpose. Moreover, because the Class Member list and information contained therein will be provided to the Settlement Administrator solely for purposes of providing the Class Notice and Settlement Benefits and processing opt-out requests, the Settlement Administrator will execute a confidentiality and non-disclosure agreement with Class Counsel and Onix's Counsel, and will ensure that any information provided to it by Class Members, Class Counsel, Onix, or Onix's Counsel, will be secure and used solely for the purpose of effecting this Settlement.

6.6   Fraud Prevention. The Settlement Administrator shall use reasonable and customary fraud-prevention mechanisms to prevent (i) submission of Claim Forms by persons other than potential Class Members, (ii) submission of more than one Claim Form per person, and (iii) submission of Claim Forms seeking amounts to which the claimant is not entitled. In the event a Claim Form is submitted without a unique Class Member identifier, the Settlement Administrator shall employ reasonable efforts to ensure that the claim is valid.

6.7   Settlement Website. Prior to any dissemination of the Summary Notice and prior to the Notice Date, the Settlement Administrator shall cause the Settlement Website to be launched on the Internet in accordance with this Agreement. The Settlement Administrator shall create the Settlement Website. The Settlement Website shall contain information regarding how to submit Claim Forms (including submitting Claims Forms electronically through the Settlement Website) and relevant documents, including, but not limited to, the Long Form Notice, the Claim Form, this Agreement, the Preliminary Approval Order entered by the Court, and the operative Consolidated Class Action Complaint in the Action, and will (on its URL landing page) notify the Settlement Class of the date, time, and place of the Final Approval Hearing. The Settlement Website shall also provide the toll-free telephone number and mailing address through which Class Members may contact the Settlement Administrator directly. The Settlement Website shall also allow for submission of Requests of Exclusion electronically through the Settlement Website.

6.8   Opt Out/Request for Exclusion. The Notice shall explain that the procedure for Class Members to opt out and exclude themselves from the Settlement Class is by notifying the Settlement Administrator in writing, postmarked no later than sixty

(60) days after the Notice Date. Any Class Member may submit a Request for Exclusion from the Settlement at any time during the Opt-Out Period. To be valid, the Request for Exclusion must be postmarked or received by the Settlement Administrator on or before the end of the Opt-Out Period. In the event a Class Member submits a Request for Exclusion to the Settlement Administrator via U.S. Mail, such Request for Exclusion must be in writing and must identify the case name "*In re Onix Group, LLC Data Breach Litigation*"; state the name, address, telephone number and unique identifier of the Class Member seeking exclusion; identify any lawyer representing the Class Member seeking to opt out; be physically signed by the person(s) seeking exclusion; and must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in '*In re Onix Group, LLC Data Breach Litigation*.'" Any person who elects to request exclusion from the Settlement Class shall not (i) be bound by any orders or Judgment entered in the Action, (ii) be entitled to relief under this Agreement, (iii) gain any rights by virtue of this Agreement, or (iv) be entitled to object to any aspect of this Agreement. Requests for Exclusion may only be done on an individual basis, and no person may request to be excluded from the Settlement Class through "mass" or "class" opt outs.

6.9    Objections. The Notice shall explain that the procedure for Class Members to object to the Settlement is by submitting written objections to the Court no later than sixty (60) days after the Notice Date. Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. Any Class Member who wishes to object to the Settlement, the Settlement Benefits, Service Awards, and/or the Fee Award and Costs, or to appear at the Final Approval Hearing and show cause, if any, for why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a final Judgment should not be entered thereon, why the Settlement Benefits should not be approved, or why the Service Awards and/or the Fee Award and Costs should not be granted, may do so, but must proceed as set forth in this paragraph. No Class Member or other person will be heard on such matters unless they have filed in this Action the objection, together with any briefs, papers, statements, or other materials the Class Member or other person wishes the Court to consider, within sixty (60) days following the Notice Date. All written objections and supporting papers must clearly (a) state the Class Member's full name, current mailing address, and telephone number; (b) include proof that the Class Member is a member of the Settlement Class (e.g., copy of the Settlement Notice, copy of the original notice of the Data Incident); (c) identify the specific factual and legal grounds for the objection; (d) identify all counsel representing the Class Member, if any; (e) include a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past five (5) years; and (f) contain a statement regarding whether the Class Member (or counsel of his or her choosing) intends to appear at the Final Approval Hearing. All objections must be submitted to the Settlement Administrator, Class Counsel identified below, and to the Court either by mailing them to: Clerk, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106 or by filing them in person at the Courthouse. All

18

objections must be filed or postmarked on or before the Objection Deadline, as set forth above. Any Class Member who does not make their objections in the manner and by the date set forth in this paragraph shall be deemed to have waived any objections and shall be forever barred from raising such objections.

7. **SETTLEMENT ADMINISTRATION**

7.1 <u>Submission of Claims</u>.

(a) <u>Submission of Electronic and Hard Copy Claims</u>. Class Members may submit electronically verified Claim Forms to the Settlement Administrator through the Settlement Website or may download Claim Forms to be filled out, signed, and submitted physically by mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline. The Settlement Administrator shall reject any Claim Forms that are incomplete, inaccurate, or not timely received and will provide Claimants notice and the ability to cure defective claims, unless otherwise noted in this Agreement.

(b) <u>Review of Claim Forms</u>. The Settlement Administrator will review Claim Forms submitted by Class Members to determine whether they are eligible for a Settlement Payment.

7.2 <u>Settlement Administrator's Duties</u>.

(a) <u>Cost Effective Claims Processing</u>. The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner, and calculate Settlement Payments in accordance with this Agreement.

(b) <u>Dissemination of Notices</u>. The Settlement Administrator shall disseminate the Notice Plan as provided for in this Agreement.

(c) <u>Maintenance of Records</u>. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Onix's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. Upon request, the Settlement Administrator shall provide Class Counsel and Onix's Counsel with information concerning Notice, administration, and implementation of the Settlement. Without limiting the foregoing, the Settlement Administrator also shall:

(i)    Receive Requests for Exclusion from Class Members and provide Class Counsel and Onix's Counsel a copy thereof no later than five (5) days following the deadline for submission of the same. If the Settlement Administrator receives any Requests for Exclusion or other requests from Class Members after expiration of the Opt-Out Period, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Onix's Counsel;

(ii)    Provide weekly reports to Class Counsel and Onix's Counsel that include, without limitation, reports regarding the number of Claim Forms received, the number of Claim Forms approved by the Settlement Administrator, the amount of Claims Forms received (including a breakdown of what types of claims were received and approved), and the categorization and description of Claim Forms rejected by the Settlement Administrator. The Settlement Administrator shall also, as requested by Class Counsel or Onix's Counsel and from time to time, provide the amounts remaining in the Net Settlement Fund;

(iii)    Make available for inspection by Class Counsel and Onix's Counsel the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice;

(iv)    Cooperate with any audit by Class Counsel or Onix's Counsel, who shall have the right, but not the obligation, to review, audit, and evaluate all Claim Forms for accuracy, veracity, completeness, and compliance with the terms and conditions of this Agreement.

7.3    <u>Requests For Additional Information</u>. In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Class Member who submits a Claim Form.

## 8. SERVICE AWARDS

8.1    Class Representatives and Class Counsel may seek Service Awards to the Class Representatives of up to $1,000 (One Thousand Dollars) per Class Representative. Class Counsel may file a motion seeking Service Awards for the Class Representatives on or before fourteen (14) days before the Objection Deadline.

8.2    The Settlement Administrator shall pay the Service Awards approved by the Court to the Class Representatives from the Settlement Fund. Such Service Awards shall be paid by the Settlement Administrator, in the amount approved by the Court, within one business day after the Effective Date.

8.3    In the event the Court declines to approve, in whole or in part, the payment of the Service Award in the amounts requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or

modification or reversal or appeal of any decision by the Court, concerning the amount of the Service Award shall constitute grounds for cancellation or termination of this Agreement.

8.4     The Parties did not discuss or agree upon the amount of the maximum amount of Service Awards for which Class Representatives can apply for, until after the substantive terms of the Settlement had been agreed upon.

## 9.     ATTORNEYS' FEES, COSTS, AND EXPENSES

9.1     Class Counsel may file a motion seeking an award of attorneys' fees of up to (33 1/3%) (thirty-three and one-third percent) of the Settlement Fund (i.e., $416,666.66), and, additionally, reasonably incurred litigation expenses and costs (i.e., Fee Award and Costs), no later than fourteen (14) days prior to the Objection Deadline. The motion for a Fee Award and Costs shall be posted on the Settlement Website. The Settlement Administrator shall pay any attorneys' fees, costs, and expenses awarded by the Court to Class Counsel in the amount approved by the Court, from the Settlement Fund, within one business day after the Effective Date.

9.2     Unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved Fee Award and Costs amongst themselves.

9.3     The Settlement is not conditioned upon the Court's approval of an award of Class Counsel's Fee Award and Costs or Service Awards.

9.4     Onix reserves the right to challenge or object to Plaintiffs' requested Fee Award and Costs.

## 10.    EFFECTIVE DATE, MODIFICATION, AND TERMINATION

10.1    The Effective Date of the Settlement shall be the first day after all of the following conditions have occurred:

(a)     Onix and Class Counsel execute this Agreement;

(b)     The Court enters the Preliminary Approval Order attached hereto as **Exhibit D**, without material change;

(c)     Notice is provided to the Settlement Class consistent with the Preliminary Approval Order;

(d)     The Court enters the Final Approval Order and Judgment; and

(e)     The Final Approval Order and Judgment have become "Final" because: (i) the time for appeal, petition, rehearing or other review has expired; or (ii) if any appeal, petition, request for rehearing or other review has been filed, the Final Approval Order and Judgment is affirmed without material change

21

or the appeal is dismissed or otherwise disposed of, no other appeal, petition, rehearing or other review is pending, and the time for further appeals, petitions, requests for rehearing or other review has expired.

10.2 In the event that the Court declines to enter the Preliminary Approval Order, declines to enter the Final Approval Order and Judgment, or the Final Approval Order and Judgment does not become Final (as described in Paragraph 10.1(e) of this Agreement), or the Settlement Administrator receives more than 100 Requests for Exclusions from the Settlement, Onix may, at its sole discretion, terminate this Agreement on five (5) Business Days written notice from Onix's Counsel to Class Counsel.

10.3 In the event the terms or conditions of this Settlement Agreement are materially modified by any court, any Party, in its sole discretion, to be exercised within fourteen (14) days after such modification, may declare this Settlement Agreement null and void. In the event of a material modification by any court, and in the event the Parties do not exercise their unilateral options to withdraw from this Settlement Agreement pursuant to this Paragraph, the Parties shall meet and confer within seven (7) days of such ruling to attempt to reach an agreement as to how best to effectuate the court-ordered modification. For the avoidance of doubt, a "material modification" shall not include any reduction by the Court of the Fee Award and Costs and/or Service Awards.

10.4 Except as otherwise provided herein, in the event the Settlement is terminated, the Parties to this Agreement, including Class Members, shall be deemed to have reverted to their respective status in the Action immediately prior to the execution of this Agreement, and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered. In addition, the Parties agree that in the event the Settlement is terminated, any orders entered pursuant to the Agreement shall be deemed null and void and vacated and shall not be used in or cited by any person or entity in support of claims or defenses.

10.5 In the event this Agreement is terminated pursuant to any provision herein, then the Settlement proposed herein shall become null and void and shall have no legal effect, and the Parties will return to their respective positions existing immediately before the execution of this Agreement.

10.6 Notwithstanding any provision of this Agreement, in the event this Agreement is not approved by any court, or terminated for any reason, or the Settlement set forth in this Agreement is declared null and void, or in the event that the Effective Date does not occur, Class Members, Plaintiffs, and Class Counsel shall not in any way be responsible or liable for any of the Administrative Expenses, or any expenses, including costs of Notice and administration associated with this Settlement or this Agreement, except that each Party shall bear its own attorneys' fees and costs.

**11.     NO ADMISSION OF WRONGDOING OR LIABILITY**

11.1    This Agreement, whether or not consummated, any communications and negotiations relating to this Agreement or the Settlement, and any proceedings taken pursuant to the Agreement:

(a)    shall not be offered or received against Onix as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Onix with respect to the truth of any fact alleged by any Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Onix;

(b)    shall not be offered or received against Onix as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Onix;

(c)    shall not be offered or received against Onix as evidence of a presumption, concession or admission with respect to any liability, negligence, fault, breach of duty, or wrongdoing, or in any way referred to for any other reason as against Onix, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, the Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)    shall not be construed against Onix as an admission or concession that the consideration to be given hereunder represents the relief that could be or would have been awarded after trial; and

(e)    shall not be construed as or received in evidence as an admission, concession or presumption against the Class Representatives or any Class Member that any of their claims are without merit, or that any defenses asserted by Onix have any merit.

**12.     REPRESENTATIONS**

12.1    Each Party represents that: (i) such Party has full legal right, power, and authority to enter into and perform this Agreement, subject to Court approval; (ii) the execution and delivery of this Agreement by such Party and the consummation by such Party of the transactions contemplated by this Agreement have been duly authorized by such Party; (iii) this Agreement constitutes a valid, binding, and enforceable agreement; and (iv) no consent or approval of any person or entity is necessary for such Party to enter into this Agreement.

13.   **NOTICE**

13.1   All notices to Class Counsel provided for in this Agreement shall be sent by email (to all email addresses set forth below) and by First-Class mail to all of the following:

> **SHUB & JOHNS LLC**
> Benjamin F. Johns, Esq.
> Four Tower Bridge
> 200 Barr Harbor Drive, Ste 400
> Conshohocken, PA 19428
> bjohns@shublawyers.com
>
> **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN**
> Gary M. Klinger, Esq.
> 227 W. Monroe Street, Suite 2100
> Chicago, IL 60606
> gklinger@milberg.com
>
> *Plaintiffs' Co-Lead Counsel*

13.2   All notices to Onix or Onix's Counsel provided for in this Agreement shall be sent by email and First Class mail to the following:

> **BAKER & HOSTETLER LLP**
> Sarah A. Ballard, Esq.
> 1801 California Street, Suite 4400
> Denver, CO 80202
> Tel.: (303) 861-0600
> Email: sballard@bakerlaw.com
>
> **BAKER & HOSTETLER LLP**
> Edward J. McAndrew, Esq.
> 1735 Market Street, Suite 3300
> Philadelphia, PA 19103
> Tel.: (215) 564-8386
> Email: emcandrew@bakerlaw.com
>
> *Attorneys for Defendant Onix Group, LLC*

13.3   All notices to the Settlement Administrator provided for in this Agreement shall be sent by email and First Class mail to the following address:

> Onix Data Breach Litigation
> 1650 Arch Street, Suite 2210

24

Philadelphia, PA 19103
info@OnixSettlement.com

13.4    The notice recipients and addresses designated in this Section may be changed by written notice agreed to by the Parties and posted on the Settlement Website.

**14.    MISCELLANEOUS PROVISIONS**

14.1    <u>Representation by Counsel</u>. The Class Representatives and Onix represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

14.2    <u>Best Efforts</u>. The Parties agree that they will make all reasonable efforts needed to reach the Effective Date and fulfill their obligations under this Agreement.

14.3    <u>Contractual Agreement</u>. The Parties understand and agree that all terms of this Agreement, including the Exhibits thereto, are contractual and are not a mere recital, and each signatory warrants that he, she, or it is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that they or it represents.

14.4    <u>Integration</u>. This Agreement constitutes the entire agreement among the Parties and no representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties and covenants contained and memorialized herein.

14.5    <u>Drafting</u>. The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof. This Settlement Agreement is a collaborative effort of the Parties and their attorneys that was negotiated on an arm's-length basis between parties of equal bargaining power. Accordingly, this Agreement shall be neutral, and no ambiguity shall be construed in favor of or against any of the Parties. The Parties expressly waive any otherwise applicable presumption(s) that uncertainties in a contract are interpreted against the party who caused the uncertainty to exist.

14.6    <u>Modification or Amendment</u>. This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the persons who executed this Agreement or their successors-in-interest.

14.7    <u>Waiver</u>. The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

14.8   <u>Severability</u>. Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality or enforceability of any other provision hereunder.

14.9   <u>Successors</u>. This Settlement Agreement shall be binding upon and inure to the benefit of the heirs, successors and assigns of the Parties thereto.

14.10   <u>Survival</u>. The Parties agree that the terms set forth in this Agreement shall survive the signing of this Agreement.

14.11   <u>Governing Law</u>. All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the Commonwealth of Pennsylvania, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs.

14.12   <u>Interpretation</u>.

    (a)   Definitions apply to the singular and plural forms of each term defined.

    (b)   Definitions apply to the masculine, feminine, and neuter genders of each term defined.

    (c)   Whenever the words "include," "includes" or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

14.13   <u>No Precedential Value</u>. The Parties agree and acknowledge that this Agreement carries no precedential value.

14.14   <u>Fair and Reasonable</u>. The Parties and their counsel believe this Agreement is a fair and reasonable compromise of the disputed claims, in the best interest of the Parties, and have arrived at this Agreement as a result of arm's-length negotiations with the assistance of an experienced mediator.

14.15   <u>Retention of Jurisdiction</u>. The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the terms of this Agreement.

14.16   <u>Headings</u>. Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

14.17   <u>Exhibits</u>. The exhibits to this Agreement and any exhibits thereto are an integral and material part of the Settlement. The exhibits to this Agreement are expressly

incorporated by reference and made part of the terms and conditions set forth herein.

14.18  Counterparts and Signatures. This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts. Digital signatures shall have the same force and effect as the original.

14.19  Facsimile and Electronic Mail. Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

14.20  No Assignment. Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title or interest in or to any of the Released Claims.

14.21  Deadlines. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next Business Day. All reference to "days" in this Agreement shall refer to calendar days, unless otherwise specified. The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

14.22  Dollar Amounts. All dollar amounts are in United States dollars, unless otherwise expressly stated.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by their duly authorized counsel:

**SHUB & JOHNS LLC**

Dated: February 20 , 2024

_____
Benjamin F. Johns
*On behalf of Plaintiffs*

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN LLC**

Dated: February 20 , 2024

_____
Gary M. Klinger
*On behalf of Plaintiffs*

27

Dated:  February 19, 2024

**BAKER & HOSTETLER LLP**

Edward J. McAndrew
*On behalf of Defendant, Onix Group, LLC*


Dated:  February 17, 2024

**BAKER & HOSTETLER LLP**

Sarah A. Ballard
*On behalf of Defendant, Onix Group, LLC*


Dated:  February ___, 2024

2/17/2024 | 6:34 PM EST

**ONIX GROUP, LLC**

DocuSigned by:

Ron Schafer

5CE94C8C5142435...

Ronald E. Schafer
*On behalf of Defendant Onix Group, LLC*

28

# <u>EXHIBIT A</u>

## CLAIM FORM

<u>**CLAIM FORM FOR ONIX DATA INCIDENT BENEFITS**</u>

***Onix Data Incident Litigation,***
***(In re Onix Group, LLC Data Breach Litigation, Case No. 23-2288-KSM (E.D. Pa.))***

**USE THIS FORM TO MAKE A CLAIM FOR CREDIT MONITORING AND INSURANCE SERVICES; FOR A DOCUMENTED LOSS PAYMENT; OR FOR AN ALTERNATIVE CASH FUND PAYMENT**

*Para una notificación en Español, llamar 1-888-888-8888 o visitar nuestro sitio web* *www.OnixSettlement.com.*

**The DEADLINE to submit this Claim Form is: DATE**
**Claim Forms must be postmarked or submitted electronically by that date.**

**I.       GENERAL INSTRUCTIONS**

If you are an individual who was notified that you are a Class Member of a Settlement that was reached as a result of a Data Incident that occurred when files at the Onix Group, LLC ("Onix") computer systems were accessed by an unauthorized person (the "Data Incident"), you are a Class Member.

As a Class Member, you are eligible to make a claim for **<u>one of the following three options:</u>**

(1) twelve months of Credit Monitoring and Insurance Services and $1 million in insurance ("CMIS");

OR

(2) up to a $5,000 cash payment for reimbursement of Documented Losses that are more likely than not a result of the Onix Data Incident ("Documented Loss Payment");

OR

(3) a *pro rata* Cash Fund Payment, the amount of which will depend on the number of Class Members who participate in the Settlement and submit valid and Approved Claims for CMIS and Documented Loss Payments.

The Credit Monitoring and Insurance Services will include the following services, among others: (i) up to $1,000,000 of identity theft insurance coverage; and (ii) one year of three-bureau credit monitoring providing, among other things, notice of changes to the Class Member's credit profile. If you file a valid claim for Credit Monitoring and Insurance Services, you will receive an enrollment code – valid for 180 days after the Effective Date of the Settlement – that can be used to enroll in the service.

Cash Fund Payments may be reduced or increased *pro rata* (equal share) depending on how many Class Members submit claims. Complete information about the Settlement and its benefits are available at www.OnixSettlement.com.

**Please complete this Claim Form on behalf of the individual who received a notification from Onix.**

This Claim Form may be submitted online at www.OnixSettlement.com or completed and mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

*Onix Data Incident Litigation*
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

## II.    CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form and the Settlement. If this information changes prior to distribution of Cash Fund Payments and Credit Monitoring and Insurance Services, you must notify the Settlement Administrator in writing at the address above.

First Name                                                    M.I.    Last Name

Alternative Name(s)

Mailing Address, Line 1: Street Address/P.O. Box

Mailing Address, Line 2:

City:                                                            State:      Zip Code:

Cellular Telephone Number                          Home Telephone Numbers

Email Address

Date of Birth (mm/dd/yyyy)                 Unique ID Number Provided on Mailed Notice

## You may select ONE of the following options:

## III.    CASH FUND PAYMENT

If you wish to receive a Cash Fund Payment, you must check off the box for this section, and then simply return this Claim Form. You do not need to submit any additional documents if you are electing this category, so long as you provide your Unique ID Number that was provided on your mailed Notice.

You will receive an email at the email address provided above after final approval of the Settlement prompting you to select how you would like to be paid. You can receive payment via a digital payment, or you can elect to receive a check.

## OR

**Questions? Go to www.OnixSettlement.com or call 1-888-888-8888**

## IV.    CREDIT MONITORING AND INSURANCE SERVICES ("CMIS")

☐ If you wish to receive Credit Monitoring and Insurance Services, you must check off the box for this section, provide your email address in the space provided in Section II, above, and return this Claim Form. Submitting this Claim Form will not automatically enroll you into Credit Monitoring and Insurance Services. To enroll, you must follow the instructions sent to your email address after the Settlement is approved and becomes final (the "Effective Date"). You do not need to submit any additional documents if you are electing this category, so long as you provide your Unique ID Number that was provided on your mailed Notice.

### <u>OR</u>

## V.    REIMBURSEMENT FOR DOCUMENTED LOSSES

☐ Please check off this box for this section if you are electing to seek reimbursement for up to $5,000 of Documented Losses you incurred that are more likely than not a result of the Onix Data Incident. Documented Losses include unreimbursed losses and consequential expenses that more likely than not resulted from the Onix Data Incident and were incurred on or after March 27, 2023.

In order to make a claim for a Documented Loss Payment, **you must** (i) fill out the information below and/or on a separate sheet submitted with this Claim Form; (ii) sign the attestation at the end of this Claim Form (section VII); and (iii) include Reasonable Documentation supporting each claimed cost along with this Claim Form. Documented Losses need to be deemed more likely than not due to the Onix Data Incident by the Settlement Administrator based on the documentation you provide and the facts of the Onix Data Incident. **<u>Failure to meet the requirements of this section may result in your claim being rejected by the Settlement Administrator.</u>**

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| ⃝ Unreimbursed fraud losses or charges | ☐ / ☐ / ☐ (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Examples: Account statement with unauthorized charges highlighted; Correspondence from financial institution declining to reimburse you for fraudulent charges* |
| ⃝ Professional fees incurred in connection with identity theft or falsified tax returns | ☐ / ☐ / ☐ (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Examples: Receipt for hiring service to assist you in addressing identity theft; Accountant bill for re-filing tax return* |
| ⃝ Lost interest or other damages resulting from a delayed state and/or federal tax | ☐ / ☐ / ☐ (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Examples: Letter from IRS or state about tax fraud in your name; Documents reflecting length of time you waited to receive your tax refund and the amount* |

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| refund in connection with fraudulent tax return filing | | | |
| ○ Credit freeze | ⬚ / ⬚ / ⬚ (mm/dd/yy) | $ ⬚ . ⬚ | *Examples: Notices or account statements reflecting payment for a credit freeze* |
| ○ Credit monitoring that was ordered after March 27, 2023 through the date on which the Credit Monitoring and Insurance Services become available through this Settlement | ⬚ / ⬚ / ⬚ (mm/dd/yy) | $ ⬚ . ⬚ | *Examples: Receipts or account statements reflecting purchases made for credit monitoring and insurance services* |
| ○ Miscellaneous expenses such as notary, fax, postage, copying, mileage, and long- distance telephone charges | ⬚ / ⬚ / ⬚ (mm/dd/yy) | $ ⬚ . ⬚ | *Examples: Phone bills, gas receipts, postage receipts; detailed list of locations to which you traveled (i.e. police station, IRS office), indication of why you traveled there (i.e. police report or letter from IRS re: falsified tax return) and number of miles you traveled to remediate or address issues related to the Onix Data Incident* |
| ○ Other (provide detailed description) | ⬚ / ⬚ / ⬚ (mm/dd/yy) | $ ⬚ . ⬚ | *Please provide detailed description below or in a separate document submitted with this Claim Form* |

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| ○ Settlement Benefits Related to Emotional Distress<br><br>○ Check this box **only if** you declare that you were a <u>Medicare beneficiary</u> during the time period of March 27, 2023 to the present and are seeking benefits in this Settlement related to emotional distress. If you were a Medicare beneficiary at any time during the period of March 27, 2023 to present and are seeking any reimbursement for emotional distress, please contact the Settlement Administrator at 1-888-888-8888 to provide additional information necessary for Medicare reporting requirements. <u>**Leave this box unchecked if either**</u>: (i) you were **not** a Medicare | ☐☐ / ☐☐ / ☐☐<br>(mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Examples: Bills from medical providers or for medications prescribed for the treatment of emotional distress, anxiety, or other mental health disorders reasonably related to the conditions caused by the Data Incident between March 27, 2023 and the Claims Deadline*<br><br>**Please attach a copy of your medical bills, pharmacy bills, or an explanation of benefit forms showing the out-of-pocket expenditures for treatment of emotional distress or anxiety.** |

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| beneficiary during the time period of March 27, 2023 to the present; or (ii) if you were a Medicare beneficiary at any time during the period of March 27, 2023 to the present and are **not** seeking any reimbursement for emotional distress from this Settlement. | | | |

**If you do not submit Reasonable Documentation supporting a Documented Loss Payment claim, or your claim for a Documented Loss Payment is rejected by the Settlement Administrator for any reason and you do not cure the defect, your claim will be considered for a Cash Fund Payment.**

## VI. CERTIFICATION

By submitting this Claim Form, I certify that I am eligible to make a claim in this Settlement and that the information provided in this Claim Form and any attachments are true and correct. I declare under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the foregoing is true and correct. I understand that this claim may be subject to audit, verification, and Court review and that the Settlement Administrator may require supplementation of this claim or additional information from me.  I also understand that all claim payments are subject to the availability of settlement funds and may be reduced in part or in whole, depending on the type of claim and the determinations of the Settlement Administrator.


_____        Date:_____

Signature:

_____

Print Name

## VII.   ATTESTATION
## (REQUIRED FOR DOCUMENTED LOSS PAYMENT CLAIMS ONLY)

I, _____, declare that I suffered the Documented Losses claimed above.
      [Name]

I also attest that the Documented Losses claimed above are accurate and were not otherwise reimbursable by insurance.

I declare under penalty of perjury under the laws of Pennsylvania that the foregoing is true and correct. Executed on _____, in _____, _____.
         [Date]         [City]     [State]

_____
      [Signature]

# EXHIBIT B

**SHORT FORM SUMMARY NOTICE**

**<ins>Court Approved Legal Notice</ins>**
**Eastern District of Pennsylvania**
**Case No. 23-2288-KSM**

**As a Result of the ONIX DATA INCIDENT, You Can Get Cash or Credit Monitoring and Insurance Services to Protect Your Information.**

*This is <ins>not</ins> a solicitation from a lawyer.*

.

**For more information about the Settlement and how to file a Claim Form visit or call:**
**www.OnixSettlement.com**
**1-888-888-8888**

*Para una notificación en Español, llamar 1-888-888-8888 o visitar nuestro sitio web www.OnixSettlement.com.*

*Onix Data Incident Litigation*
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

«ScanString»

Postal Service: Please do not mark barcode

Notice ID: «Notice ID»
Confirmation Code: «Confirmation Code»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

NOTICE ID: «NOTICE ID»                    **Onix Settlement Claim Form For _Pro Rata_ Cash Payment Only**
NAME: «NAME»
ADDRESS: «ADDRESS»

**Monetary Compensation**

1. **_Pro Rata_ Cash Fund Payment**: Would you like to receive a cash payment under the Settlement? (circle one)     Yes     No

   _If you are a Settlement Class Member, you may receive a cash payment from the Settlement Fund, which will be increased or decreased pro rata from money remaining in the Settlement Fund after all claims are submitted. You do not need to suffer out-of-pocket losses or expenses to select this option._

2. **Reimbursement of Documented Losses or Credit Monitoring and Insurance Services**: Please note that if you wish to submit a claim for compensation for out-of-pocket losses or credit monitoring, you will need to submit your claim online or mail a paper Claim Form to the Settlement Administrator so that you can attach all information necessary to support your request for payment. A paper version of the full Claim Form may be accessed on the Settlement Website. If you wish to receive the _pro rata_ cash payment, submitting this tear off claim form by mail will suffice.

3. **Select one of the following payment methods:** *PayPal____  *Venmo___  *Zelle____*Virtual Prepaid Card____Check _____
   *Please provide your email address or phone number associated with your PayPal, Venmo or Zelle account, or email address for the Virtual Prepaid card: _____

4. **By signing my name below, I declare under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the information included on this Claim Form for _Pro Rata_ Cash Payment Only is true and accurate, certify that I am eligible to make a claim in this Settlement, and that I am completing this Claim Form to the best of my personal knowledge.**

   _____
   (Signature)

A proposed Settlement arising out of a data breach has been reached with Onix Group, LLC ("Onix"). Between March 20, 2023, and March 27, 2023, an unauthorized user was able to access files stored on Onix's computer system. As a result, Private Information of individuals who are or were patients or otherwise affiliated with Onix may have been accessed (the "Data Incident"). Impacted Private Information may have included names, Social Security numbers, clinical information, and other medical or personal health information.

**Who is Included?** The Court decided that Class Members means all natural persons whose Private Information was compromised in the Data Breach and who are not deceased.

**What does the Settlement Provide?** The Settlement establishes a $1,250,000.00 Settlement Fund to be used to pay for Credit Monitoring and Insurance Services, Documented Loss Payments for reimbursement of Documented Losses, or Cash Fund Payments to valid Claimants; costs of Notice and administration; Service Awards to the Class Representatives; and Fee Award and Costs. Also, Onix has agreed to undertake certain remedial measures and enhanced data security measures. Claimants may select **one** of the following forms of Settlement relief: (a) Credit Monitoring and Insurance Services, OR (b) Documented Loss Payments, OR (c) a Cash Fund Payment, as described below:

- **Credit Monitoring and Identity Theft Insurance** – one year of Credit Monitoring and Identity Theft Insurance; OR
- **Documented Loss Payments** – reimbursement for certain Documented Losses, i.e., money spent or lost, that more likely than not resulted from the Onix Data Incident (up to $5,000); OR
- **Cash Fund Payments** – a cash payment, in an amount to be determined consistent with the Settlement. The Cash Fund Payments may be increased or reduced *pro rata* depending on the number of Class Members that participate in the Settlement.

**How To Get Benefits:** You must complete and file a Claim Form online or by mail postmarked by **DATE**, including required documentation. You can file your claim online at **www.OnixSettlement.com**. You may also get a paper Claim Form at the website, or by calling the toll-free number, and submit by mail.

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **DATE**. If you do not exclude yourself, you will release any claims you may have against Onix or other Released Parties (as defined in the Settlement Agreement) related to the Onix Data Incident, as more fully described in the Settlement Agreement, available at the Settlement Website. If you do not exclude yourself, you may object to the Settlement by **DATE**.

**The Final Approval Hearing.** The Court has scheduled a hearing in this case (*In re Onix Group, LLC Data Breach Litigation*, No. 23-2288-KSM) for **DATE at 601 Market Street, Philadelphia, PA 19106**, to consider: whether to approve the Settlement, $1000 per plaintiff Service Awards, attorneys' fees of $416,666.66 plus case expenses, as well as any objections. You or your attorney may attend and ask to appear at the hearing, but you are not required to do so. The hearing may be held remotely, so please check the Settlement Website for those details.

**More Information.** Complete information about your rights and options, as well as the Claim Form, the Long Form Notice, and Settlement Agreement are available at www.OnixSettlement.com, or by calling toll free 1-888-888-8888.

_____

_____

_____

Business
Reply
Mail

*Onix Data Incident Litigation*
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

# **EXHIBIT C**

## **LONG FORM NOTICE**

*Onix Data Incident Litigation,*
(*In re Onix Group, LLC Data Breach Litigation*, Case No. 23-2288-KSM (E.D. Pa.))

# Notice of Onix Data Incident Class Action Settlement

*This is not a solicitation from a lawyer.*
*Please read this Notice carefully and completely.*

### THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.

*Para una notificación en español, llamar 1-888-888-8888 o visitar nuestro sitio web www.OnixSettlement.com.*

- A proposed Settlement arising out of a data breach has been reached with Onix Group, LLC ("Onix"). Between March 20, 2023, and March 27, 2023, an unauthorized user was able to access files within Onix's computer systems. As a result, Private Information of individuals who are or were patients or otherwise affiliated with Onix may have been accessed (the "Data Incident"). Impacted Private Information may have included names, Social Security numbers, clinical information, and other medical or personal health information. If you were notified by Onix or an Onix affiliate that your Private Information may have been compromised because of the Onix Data Incident, you are included in this Settlement as a member of the Settlement Class.

- Under the Settlement, Onix has agreed to establish a $1,250,000.00 Settlement Fund to (1) pay for one year of credit monitoring and insurance services and $1 million in insurance ("Credit Monitoring and Insurance Services" or "CMIS"); or (2) provide reimbursement of up to $5,000.00 per Class Member for Class Members who incurred certain Documented Losses ("Documented Loss Payment"); or (3) provide *pro rata* cash payments to Class Members ("Cash Fund Payment"). The Settlement Fund will also be used to pay for the costs of the Settlement Administrative Expenses, Court-approved Service Awards for named Plaintiffs, and the Fee Award and Costs. In addition, Onix has undertaken certain remedial measures and enhanced security measures.

- Your legal rights will be affected whether you act or do not act. You should read this entire Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **FILE A CLAIM FORM**<br>**DEADLINE: DATE** | Submitting a Claim Form is the only way that you can receive any of the benefits provided by this Settlement, including Credit Monitoring and Insurance Services, a Documented Loss Payment, or a Cash Fund Payment.<br>If you submit a Claim Form, you will give up the right to sue Onix and certain other Released Parties (as defined in the Settlement Agreement) in a separate lawsuit about the legal claims this Settlement resolves. |
| **EXCLUDE YOURSELF FROM THIS SETTLEMENT**<br>**DEADLINE: DATE** | This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Onix or certain other Released Parties, for the claims this Settlement resolves.<br>If you exclude yourself, you will give up the right to receive any Settlement Benefits from this Settlement. |
| **OBJECT TO OR COMMENT ON THE SETTLEMENT**<br>**DEADLINE: DATE** | You may object to the Settlement by writing to the Court and informing it why you do not think the Settlement should be approved. You will still be bound by the Settlement if it is approved, and you will not be allowed to exclude yourself from the Settlement.<br>If you object, you may also file a Claim Form to receive Settlement Benefits, but you will give up the right to sue Onix and other Released Parties in a separate lawsuit about the legal claims this Settlement resolves. |
| **GO TO THE "FINAL APPROVAL" HEARING**<br>**DATE** | You may attend the Final Approval Hearing where the Court may hear arguments concerning approval of the Settlement. If you wish to speak at the Final Approval Hearing, you must make a request to do so in your written objection or comment. You are not required to attend the Final Approval Hearing. |
| **DO NOTHING** | If you do nothing, you will not receive any of the monetary Settlement Benefits and you will give up your rights to sue Onix and other Released Parties for the claims this Settlement resolves. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. No Settlement Benefits or payments will be provided unless the Court approves the Settlement and it becomes final.

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.OnixSettlement.com or call 1-888-888-8888.**

## BASIC INFORMATION

**1.      Why did I get this Notice?**

A court authorized this Notice because you have the right to know about the proposed Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The case is known as *In re Onix Group, LLC Data Breach Litigation*, Case No. 23-2288-KSM (the "Action"), in the United States District Court for the Eastern District of Pennsylvania. The people who filed this lawsuit are called the "Plaintiffs" and the company they sued, Onix Group, LLC, is called the "Defendant." The Plaintiffs and the Defendant agreed to this Settlement.

**2.      What is this lawsuit about?**

Between March 20, 2023, and March 27, 2023, an unauthorized user was able to access files stored on Onix's computer system. As a result, Private Information of individuals who are or were patients of or otherwise affiliated with Onix may have been accessed (the "Data Incident"). Impacted Private Information may have included names, Social Security numbers, clinical information, and other medical or personal health information. After conducting a thorough investigation, Onix began notifying individuals of the Data Incident on or around May 26, 2023.

The Plaintiffs claim that Onix failed to adequately protect their Private Information and that they were injured as a result. Onix denies any wrongdoing, and no court or other entity has made any judgment or other determination of any wrongdoing or that the law has been violated. By entering into the Settlement, Onix is not admitting that it did anything wrong.

**3.      Why is this a class action?**

In a class action, one or more people called the "Class Representatives" sue on behalf of all people who have similar claims. Together, all of these people are called a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those Class Members who exclude themselves from the Class.

The Class Representatives in this case are Eric Meyers, Donald Owens, Aida Albino Wimbush, Ashtyn Mark, Leah Simione, Melissa Lyston, and Angela Haynie.

**4.      Why is there a Settlement?**

The Class Representatives and Onix do not agree about the claims made in this Action. The Action has not gone to trial, and the Court has not decided in favor of the Class Representatives or Onix. Instead, the Class Representatives and Onix have agreed to settle the Action. The Class Representatives and the attorneys for the Class ("Class Counsel") believe the Settlement is best for all Class Members because of the risks and uncertainty associated with continued litigation and the nature of the defenses raised by Onix.

## WHO IS INCLUDED IN THE SETTLEMENT

**5.      How do I know if I am part of the Settlement?**

The Court has decided that everyone who fits the following description is a Class Member:

All natural persons who are residents of the United States whose Private Information was compromised in the Data Incident disclosed by Onix on or about May 26, 2023, including all who were sent notice of the Data Incident and who are otherwise not deceased. If you received Notice of this Settlement by mail, you are a Class Member, and your legal rights are affected by this Settlement.

If you did not receive Notice by mail, or if you have any questions as to whether you are a Class Member, you may contact the Settlement Administrator.

**6.      Are there exceptions to individuals who are included as Class Members in the Settlement?**

Yes, the Settlement does not include (1) the Judges presiding over the Action and members of their families and immediate staff; (2) Onix, its subsidiaries, parent companies, successors, predecessors, and any entity in which Onix or its parents, have a controlling interest, and its current or former officers and directors; and (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period.

**7.      What if I am still not sure whether I am part of the Settlement?**

If you are still not sure whether you are a Class Member, you may go to the Settlement Website at www.OnixSettlement.com, or call the Settlement Administrator's toll-free number at 1-888-888-8888.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

**8.       What does the Settlement provide?**

The Settlement will provide Class Members with the opportunity to select and make a claim for one of the following three Settlement Benefits, which are discussed in further detail below:

(A) One year of Credit Monitoring and Insurance Services ("CMIS");

**OR**

(B) Cash payments of up to $5,000.00 per Class Member for reimbursement of certain Documented Losses ("Documented Loss Payment");

**OR**

(C) *Pro rata* Cash Fund Payments in amounts to be determined in accordance with the terms of Section 3.8 of the Settlement. The amounts of these payments are unknown at this time but will be calculated based upon how many Class Members submit valid and Approved Claims for Credit Monitoring and Insurance Services and Documented Loss Payments.

In addition, Onix has taken certain remedial measures and enhanced security measures as a result of the Data Incident.

Please review Number 9 carefully for additional information regarding the order in which Settlement Benefits are paid from the Settlement Fund. This additional information may impact your decision as to which of the three Settlement Benefit options is the best option for you.

### A.   Credit Monitoring and Insurance Services.

You may file a Claim Form to receive Credit Monitoring and Insurance Services. Credit Monitoring and Insurance Services provide a way to protect yourself from unauthorized use of your personal information. If you already have credit monitoring services, you may still sign up for this additional protection. The Credit Monitoring and Insurance Services provided by this Settlement are separate from, and in addition to, the credit monitoring and identity resolution services that may have been offered to you by Onix in response to the Data Incident. You are eligible to make a claim for the Credit Monitoring and Insurance Services being offered through this Settlement even if you did not sign up for the previous services.

Credit Monitoring and Insurance Services include (i) up to $1 million of identity theft insurance coverage; and (ii) three-bureau credit monitoring.

To receive Credit Monitoring and Insurance Services, you must submit a completed Claim Form selecting to receive Credit Monitoring and Insurance Services. You do not need to provide additional documents for this claim – only the Unique ID number provided on your Notice. If you file a valid claim for Credit Monitoring and Insurance Services, you will receive an enrollment code – valid for 180 days after the Effective Date of the Settlement – that can be used to enroll in the service.

### B.   Documented Loss Payment.

In the alternative to Credit Monitoring and Insurance Services, you may elect to submit a Claim Form for reimbursement of Documented Losses. If you spent money remedying or addressing identity theft and fraud that more likely than not resulted from the Onix Data Incident, or you spent money to protect yourself from future harm because of the Onix Data Incident, you may make a claim for a Documented Loss Payment for reimbursement of up to $5,000.00 in Documented Losses.

Documented Losses consist of unreimbursed losses incurred on or after March 27, 2023, that were related to identity theft and fraud and are more likely than not a result of the Onix Data Incident, as well as any expenses related to the Onix Data Incident. For example, credit card or debit card cancellation or replacement fees, late fees, declined payment fees, overdraft fees, returned check fees, customer service fees, credit-related costs associated with purchasing credit reports, credit monitoring or identity theft protection, costs to place a freeze or alert on credit reports, costs to replace a driver's license, state identification card, Social Security number, professional services, and out-of-pocket expenses for notary, fax, postage, delivery, copying, mileage, and long-distance telephone charges. Other losses or costs related to the Onix Data Incident that are not insurance reimbursable may also be eligible for reimbursement. To protect the Settlement Fund and valid claims, all Claim Forms submitted that seek payment related to credit or debit card fraudulent transactions will be carefully scrutinized by the Settlement Administrator.

Claims for Documented Loss Payments must be supported by Reasonable Documentation. Reasonable Documentation means written documents supporting your claim, such as credit card statements, bank statements, invoices, telephone records, and receipts.

Individual payments for Documented Losses may be reduced or increased depending on the number of Class Members that participate in the Settlement.

To receive a Documented Loss Payment, you must submit a completed Claim Form electing to receive a Documented Loss Payment. If you file a Claim Form for a Documented Loss Payment and it is rejected by the Settlement Administrator and you do not correct it, and you have not otherwise claimed Credit Monitoring and Insurance Services, your Claim Form will be considered as an alternative claim for a Cash Fund Payment.

**C.   Cash Fund Payment.**

In the alternative to Credit Monitoring and Insurance Services or Documented Loss Payment, you may elect to receive a cash payment. This is the "Cash Fund Payment." The amount of the Cash Fund Payment will vary depending on the number of valid and Approved Claims that are submitted. To receive a Cash Fund Payment, you must submit a completed Claim Form electing to receive a Cash Fund Payment or submit the tear-off "Claim Form For *Pro Rata* Cash Fund Payment Only" you may have received by mail to the Settlement Administrator. You do not need to provide additional documents for this claim – only the Unique ID number provided on your Notice.

You are <u>not</u> required to provide Reasonable Documentation with your Claim Form to receive a Cash Fund Payment. Individual Cash Fund Payments may be reduced or increased *pro rata* (equal share) depending on the number of Class Members that participate in the Settlement and the amount of money that remains in the Cash Fund after payments of other Settlement Benefits and charges with priority for payment under the Settlement. *See* Number 9 below.

**9.        How will Settlement Benefits be paid?**

Before determining which Settlement Benefit option from the Settlement is best for you (selecting a Cash Fund Payment, Credit Monitoring and Insurance Services, or Documented Loss Payment), it is important for you to understand how Settlement Payments will be made. Plaintiffs' counsel will seek attorneys' fees up to a maximum of 1/3rd of the $1,250,000.00 Settlement Fund (i.e., $416,666.66), reasonable costs and expenses incurred by attorneys for the Class (referred to collectively as Fee Award and Costs), Administrative Expenses for costs of the settlement administration, and Service Awards of up to $1,000.00 to each of the Class Representatives will be deducted from the Settlement Fund before making payments to Class Members. The Court may award less than these amounts. The remainder of the Settlement Fund will be distributed in the following order:

1.   Credit Monitoring and Insurance Services claims will be paid first.
2.   If money remains in the Settlement Fund after paying for the Credit Monitoring and Insurance Services, Documented Loss Payment claims will be paid second. If your claim for a Documented Loss Payment is rejected by the Settlement Administrator and you do not cure it, and you have not otherwise made a claim for Credit Monitoring and Insurance Services, your claim for a Documented Loss Payment will instead be considered a claim for a Cash Fund Payment.
3.   Approved Cash Fund Payments. If money remains in the Settlement Fund after paying Credit Monitoring and Insurance Services claims and Documented Loss Payment claims, the amount of the Settlement Fund remaining will be used to create a "Post CMIS/DL Net Settlement Fund," which will be used to pay all Cash Fund Payment claims. The value of the Cash Fund Payments is unknown at this time but will be calculated by subtracting from the Settlement Fund the amounts paid for valid claims for Credit Monitoring and Insurance Services and Documented Loss Payments, and after those expenses are deducted, the Post CMIS/DL Net Settlement Fund will be divided *pro rata* to individuals with Approved Claims for Cash Fund Payments.

**11.      What is the total value of the Settlement?**

Not accounting for the cost of the enhanced security measures, the Settlement provides a $1,250,000.00 Settlement Fund for the benefit of the Class. Any Court-approved Fee Award and Costs, Service Awards to the Class Representatives, Taxes due on any interest earned by the Settlement Fund, if necessary, and any Notice and Settlement Administrative Expenses will be paid out of the Settlement Fund, and the balance ("Net Settlement Fund") will be used to pay for the above Settlement Benefits.

**12.      What am I giving up to get a Settlement Benefit or stay in the Class?**

Unless you exclude yourself, you are choosing to remain in the Class. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against Onix and the other Released Parties about the legal issues in this Action, resolved by this Settlement, and released by the Class Action Settlement Agreement and Release. The specific rights you are giving up are called Released Claims (*see* next question).

**13.      What are the Released Claims?**

In exchange for the Settlement, Class Members agree to release Onix and its current and former affiliates, parents, subsidiaries, and successors, including, but not limited to, Addiction Recovery Systems, Cadia Healthcare, Physician's Mobile X-Ray, Cavalier Mobile X-Ray, Onix Group, and Onix Hospitality Group, and their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, members, managing members, employees, equity holders, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees, and assigns of any of the foregoing ("Released Parties") from any claim, liability, right, demand, suit, obligation, damage, including consequential damage, loss or cost, punitive damage, attorneys' fees, costs, and expenses, action or cause of action, of every kind or

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to <u>www.OnixSettlement.com</u> or call 1-888-888-8888.**
4

description—whether known or Unknown (as the term "Unknown Claims" is defined in the Settlement Agreement), suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that was or could have been asserted on behalf of the Settlement Class in the Action related to or arising from the compromise of any Class Member's Private Information arising out of the Onix Data Incident, regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, arising out of, or related or connected in any way with the claims or causes of action of every kind and description that were brought, alleged, argued, raised or asserted in any pleading or court filing in the Action ("Released Claims"). Each of the Released Parties may be referred to individually as a "Released Party." Released Claims do not include any claims against any entity other than Released Parties.

The Class Representatives and all Settlement Class Members, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, release and discharge all Released Claims, including Unknown Claims, against each of the Released Parties and agree to refrain from instituting, directing or maintaining any lawsuit, contested matter, adversary proceeding, or miscellaneous proceeding against each of the Released Parties that relates to the Onix Data Incident or otherwise arises out of the same facts and circumstances set forth in the Consolidated Class Action Complaint in this Action. This Settlement releases claims against only the Released Parties. This Settlement does not release, and it is not the intention of the Parties to this Settlement to release, any claims against any unidentified third party.

More information is provided in the Class Action Settlement Agreement and Release, which is available at [www.OnixSettlement.com](www.OnixSettlement.com).

## HOW TO GET SETTLEMENT BENEFITS—SUBMITTING A CLAIM FORM

### 14.     How do I make a claim for Settlement Benefits?

You must complete and submit a Claim Form by **DATE**. Claim Forms may be submitted online at [www.OnixSettlement.com](www.OnixSettlement.com) or printed from the website and mailed to the Settlement Administrator at the address on the form. Claim Forms are also available by calling 1-888-888-8888 or by writing to the Onix Settlement Administrator at [info@onixsettlement.com](info@onixsettlement.com). The quickest way to file a claim is online.

If you received a Notice by mail, use your Claim Number to file your Claim Form. If you lost or do not know your Claim Number, please email the Settlement Administrator at [info@onixsettlement.com](info@onixsettlement.com) to obtain it.

You may submit a claim for either (a) a Cash Fund Payment, **OR** (b) a claim for Credit Monitoring and Insurance Services, **OR** (c) a Documented Loss Payment by submitting a Claim Form on the Settlement Website, or by downloading, printing, and completing a Claim Form and mailing it to the Settlement Administrator. You may also elect to receive a Cash Fund Payment only by submitting the tear-off "Claim Form For *Pro Rata* Cash Fund Payment Only" to the Settlement Administrator. You may only select one type of Settlement Payment.

### 15.     How do I make a claim for a Cash Fund Payment?

To file a claim for a Cash Fund Payment, you must submit a valid Claim Form electing to receive the Cash Fund Payment. To submit a claim for a Cash Fund Payment, you may tear off and return to the Settlement Administrator the "Claim Form for *Pro Rata* Cash Fund Payment Only" may have received in the mail, complete a Claim Form on the Settlement Website, or print and mail a completed Claim Form to the Settlement Administrator, postmarked on or before **DATE.**

If you wish to receive your payment via digital payment method options instead of a check, simply provide your email address (optional). Anyone who submits a valid claim for Cash Fund Payment and does not elect to receive a digital payment will receive their payment via regular check sent through U.S. Mail.

Instructions for filling out a claim for a Cash Fund Payment are included on the Claim Form. You may access the Claim Form at [www.OnixSettlement.com](www.OnixSettlement.com).

The deadline to file a claim for a Cash Fund Payment is **DATE**. Claims must be filed or postmarked if mailed by this deadline.

### 16.     How do I make a claim for Credit Monitoring and Insurance Services?

To file a claim for Credit Monitoring and Insurance Services, you must submit a valid Claim Form electing to receive Credit Monitoring and Insurance Services. To submit a claim for Credit Monitoring and Insurance Services, you may either complete a Claim Form on the Settlement Website or print and mail a completed Claim Form to the Settlement Administrator, postmarked on or before **DATE**.

Instructions for filling out a claim for Credit Monitoring and Insurance Services are included on the Claim Form. You may access the Claim Form at [www.OnixSettlement.com](www.OnixSettlement.com).

The deadline to file a claim for Credit Monitoring and Insurance Services is **DATE**. Claims must be filed or postmarked if mailed by this deadline.

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to [www.OnixSettlement.com](www.OnixSettlement.com) or call 1-888-888-8888.**

**17.     How do I make a claim for a Documented Loss Payment for reimbursement?**

To file a claim for a Documented Loss Payment of up to $5,000.00 for reimbursement of Documented Losses, you must submit a valid Claim Form electing to receive a Documented Loss Payment. To submit a claim for a Documented Loss Payment, you may either complete a Claim Form on the Settlement Website or print and mail a completed Claim Form to the Settlement Administrator, postmarked on or before **DATE**.

The Claim Form requires that you sign the attestation regarding the information you provided <u>and</u> that you include Reasonable Documentation, such as credit card statements, bank statements, invoices, telephone records, and receipts.

If your claim for a Documented Loss Payment is rejected by the Settlement Administrator and you do not correct it, and you do not otherwise make a claim for Credit Monitoring and Insurance Services, your claim for a Documented Loss Payment will instead be considered a claim for a Cash Fund Payment.

Instructions for filling out a claim for a Documented Loss Payment are included on the Claim Form. You may access the Claim Form at www.OnixSettlement.com.

The deadline to file a claim for a Documented Loss Payment is **DATE**. Claims must be filed (or postmarked if mailed) by this deadline.

**18.     What happens if my contact information changes after I submit a claim?**

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Settlement Administrator of your updated information. You may notify the Settlement Administrator of any changes by emailing the Settlement Administrator at info@onixsettlement.com or by writing to the following address:

*Onix Data Incident Litigation*
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

**19.     When and how will I receive the Settlement Benefits I claim from the Settlement?**

If you make a valid and Approved Claim for Credit Monitoring and Insurance Services, the Settlement Administrator will send you information on how to activate your credit monitoring after the Settlement becomes Final. If you received a Notice in the mail, keep it in a safe place as you will need the unique Claim Number provided on the postcard Notice to activate your Credit Monitoring and Insurance Services.

Payment for Approved Claims for a Cash Fund Payment or a Documented Loss Payment will be provided by the Settlement Administrator after the Settlement is approved and becomes Final. You may elect to receive payment for Approved Claims for a Cash Fund Payment or Documented Loss Payment via PayPal, Venmo, or digital payment instead of a check by submitting your email address with your Claim Form. Anyone who does not elect to receive payment via digital payment will receive their payment via regular check sent through U.S. Mail.

The approval process may take time. Please be patient and check www.OnixSettlement.com for updates.

**20.     What happens if money remains after all of the Settlement Claims are paid?**

None of the money in the $1,250,000.00 Settlement Fund will ever be paid back to Onix. Any money left in the Settlement Fund after 120 days after the distribution of payments to Class Members will be distributed *pro rata* (equal share) among all Class Members with approved claims for Cash Fund Payments, who cashed or deposited their initial check or received the Settlement proceeds through digital means, as long as the average payment amount is $3.00 or more. If there is not enough money to provide qualifying Class Members with an additional $3.00 payment, and if possible, the remaining Net Settlement Fund will be distributed to a non-profit recipient to be agreed to by the Parties and approved by the Court.

### THE LAWYERS REPRESENTING YOU

**21.     Do I have a lawyer in this case?**

Yes, the Court has appointed Benjamin F. Johns of Shub & Johns LLC, and Gary Klinger of Milberg Coleman Bryson Phillips Grossman PLLC as Class Counsel to represent you and the Class for the purposes of this Settlement. You may hire your own lawyer at your own cost and expense if you want someone other than Class Counsel to represent you in this Action.

**22.     How will Class Counsel be paid?**

Class Counsel will file a motion asking the Court to award them attorneys' fees of up to a maximum of 1/3rd of the $1,250,000.00 Settlement Fund (i.e., $416,666.66), plus the reimbursement of their reasonable costs and expenses (referred to collectively as "Fee Award and Costs"). They will also ask the Court to approve up to $1,000.00 Service Awards to each of the Class Representatives for participating in this Action and for their efforts in achieving the Settlement. If awarded, these amounts will be deducted from the Settlement Fund before making payments to Class Members. The Court may award less than these amounts.

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.OnixSettlement.com or call 1-888-888-8888.**

Class Counsel's application for attorneys' fees and expenses and Service Awards will be made available on the Settlement Website at www.OnixSettlement.com before the deadline for you to comment or object to the Settlement. You can request a copy of the application by contacting the Settlement Administrator at 1-888-888-8888.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you are a Class Member and want to keep any right you may have to sue or continue to sue Onix and/or the other Released Parties on your own based on the claims raised in this Action or released by the Released Claims, then you must take steps to get out of the Settlement. This is called excluding yourself from—or "opting out" of—the Settlement.

**23.      How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must complete and sign a Request for Exclusion or submit a Request for Exclusion online on the Settlement Website. The Request for Exclusion must be in writing and identify the case name *In re Onix Group, LLC Data Breach Litigation*, Case No. 23-2288-KSM; state the name, address, and telephone number and unique identifier of the Class Member(s) seeking exclusion; and must also contain a statement to the effect that "I/We hereby request to be excluded from the proposed Settlement Class in *In re Onix Group, LLC Data Breach Litigation*, Case No. 23-2288-KSM." The Request for Exclusion must be postmarked or received by the Settlement Administrator at the address below no later than **DATE**:

*Onix Data Incident Litigation*
Attn: Exclusions
P.O. Box 58220
Philadelphia, PA 19103

You cannot exclude yourself by telephone or by email.

**24.      If I exclude myself, can I still get Credit Monitoring and Insurance Services or other Settlement Payment as part of this class action Settlement?**

No. If you exclude yourself, you are telling the Court that you do not want to be part of the Settlement. You can only get Credit Monitoring and Insurance Services or a cash payment if you stay in the Settlement and submit a valid Claim Form.

**25.      If I do not exclude myself, can I sue Onix for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Onix and the other Released Parties for the claims that this Settlement resolves. You must exclude yourself from this Action to start or continue with your own lawsuit or be part of any other lawsuit against Onix or any of the other Released Parties. If you have a pending lawsuit, speak to your lawyer in that case immediately.

## OBJECT TO OR COMMENT ON THE SETTLEMENT

**26.      How do I tell the Court that I do not like the Settlement?**

You can ask the Court to deny approval of the Settlement by filing an objection. You cannot ask the Court to order a different Settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no Settlement Payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) state the Class Member's full name, current mailing address, and telephone number; (b) include proof that the Class Member is a member of the Settlement Class (e.g., copy of the Settlement Notice, copy of the original notice of the Data Incident); (c) identify the specific factual and legal grounds for the objection; (d) identify all counsel representing the Class Member, if any; (e) include a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past five (5) years; and (f) contain a statement regarding whether the Class Member (or counsel of his or her choosing) intends to appear at the Final Approval Hearing. All objections must be submitted to the Settlement Administrator, Class Counsel identified below, and to the Court either by mailing them or by filing them in person at the Courthouse. All objections must be submitted to the Court either by mailing them to: Clerk, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106 or filing objections electronically through the Court's Electronic Claims Filing system or filing in person with the Court or postmarked on or before **DATE**.

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.OnixSettlement.com or call 1-888-888-8888.**

**27.     What is the difference between objecting and requesting exclusion?**

Objecting is telling the Court you do not like something about the Settlement. You can object only if you stay in the Class (that is, do not exclude yourself). Requesting exclusion is telling the Court you do not want to be part of the Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer affects you.

## The Final Approval Hearing

**28.     When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing on **DATE** before the Honorable Karen S. Marston, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106.

The date and time of the Final Approval Hearing is subject to change without further notice to the Settlement Class. Class Members should monitor the Settlement Website or the Court's online docket site (*see* Question 32) to confirm whether the date for the Final Approval Hearing has changed. Please note that the hearing may be held via telephone or video conference. All details about the Final Approval Hearing will be posted on the Settlement Website.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and will decide whether to approve the Settlement; Class Counsel's application for Fee Award and Costs; and the Service Awards to the Class Representatives. If there are objections, the Court will consider them. The Court will also listen to people who have asked to speak at the hearing.

**29.     Do I have to come to the Final Approval Hearing?**

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**30.     May I speak at the Final Approval Hearing?**

Yes. If you wish to attend and speak at the Final Approval Hearing, you must indicate this in your written objection (*see* Question 26). Your objection must state that it is your intention to appear at the Final Approval Hearing and must identify any witnesses you may call to testify or exhibits you intend to introduce into evidence at the Final Approval Hearing. If you plan to have your attorney speak for you at the Final Approval Hearing, your objection must also include your attorney's name, address, and 1-888-888-8888.

## If You Do Nothing

**31.     What happens if I do nothing at all?**

If you are a Class Member and you do nothing, you will not receive any Settlement Benefits. You will also give up certain rights, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Onix or any of the other Released Parties about the legal issues in this Action and released by the Settlement Agreement.

## Getting More Information

**32.     How do I get more information?**

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.OnixSettlement.com, or by contacting Class Counsel (see below).

If you have questions about the proposed Settlement or anything in this Notice, you may contact Class Counsel at the following:

| | |
|---|---|
| Gary Klinger<br>Milberg Coleman Bryson Phillips<br>Grossman PLLC<br>227 W. Monroe Street, Suite 2100<br>Chicago, IL 60606<br>gklinger@milberg.com | Benjamin F. Johns<br>Shub & Johns LLC<br>Four Tower Bridge<br>200 Barr Harbor Drive, Ste 400<br>Conshohocken, PA 19428<br>bjohns@shublawyers.com |

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.OnixSettlement.com or call 1-888-888-8888.**

|  |  |
|---|---|

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE
TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

# EXHIBIT D

**[PROPOSED] ORDER GRANTING
PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| *In re Onix Group, LLC Data Breach Litigation* | Civil Action No. 23-2288-KSM<br><br>**DEMAND FOR JURY TRIAL** |

**[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
<u>OF CLASS ACTION SETTLEMENT</u>**

The Court having held a Preliminary Approval Hearing on _____ __, 2024, at _____ _.m., in the Courtroom of The Honorable Karen Spencer Marston, Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 16613 U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, and having considered all matters submitted to it at the Preliminary Approval Hearing and otherwise, and finding no just reason for delay in entry of this Order Granting Preliminary Approval of Class Action Settlement (this "Order") and good cause appearing therefore, and having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

1.      The Settlement Agreement, attached to Plaintiffs' Unopposed Motion for Preliminary Approval ("Motion for Preliminary Approval") as Exhibit 1 is incorporated fully herein by reference. The definitions used in the Settlement Agreement are adopted in this Order and shall have the same meaning ascribed in the Settlement Agreement.

2.      The Court has jurisdiction over the claims at issue in this lawsuit, Plaintiffs Eric Meyers, Donald Owens, Aida Albino Wimbush, Ashtyn Mark, Leah Simione, Melissa Lyston, and Angela Haynie ("Plaintiffs"), individually and on behalf of all others similarly situated, and Defendant Onix Group, LLC ("Onix" or "Defendant") (together with Plaintiffs, the "Parties").

3.      The Court finds that the Parties' Settlement as set forth in Exhibit 1 to Plaintiffs' Motion for Preliminary Approval is fair, reasonable, and adequate, and falls within the range of possible approval, and was entered into after extensive, arm's-length negotiations, such that it is

hereby preliminarily approved and notice of the Settlement should be provided to the Settlement Class Members.

## **PROCEDURAL HISTORY**

4.      This case arises out of a data security incident at Onix on or around March 27, 2023. Onix is a Limited Liability Company (formed in Delaware) with its principal place of business in in Kennett Square, Pennsylvania. Current and former patients, like Plaintiffs, may have provided some of their information, including names, addresses, dates of birth, Social Security numbers, clinical information, and other personal information, in connection with receiving services at facilities managed by Onix.

5.      Plaintiffs allege that the Data Incident resulted in the unauthorized access to files within Onix's systems. As a result of the Data Incident, on or around May 26, 2023, Onix began notifying individuals that their Private Information was potentially impacted by the Data Incident.

6.      On June 15, 2023, Plaintiff Eric Meyers filed *Meyers v. Onix Group, LLC,* Civil Action No. 23-2288, in the Eastern District of Pennsylvania, the first-filed class action asserting various state law claims as a result of the Data Incident. Subsequently, five additional actions were filed in this Court.

7.      On July 19, 2023, Judge Karen S. Marston issued an order consolidating the federal actions and appointing Benjamin F. Johns, Esq. of Shub & Johns LLC and Gary Klinger, Esq. of Milberg Coleman Bryson Phillips Grossman PLLC, the Proposed Interim Co-Lead Class Counsel, for the putative class pursuant to Fed. R. Civ. P. 23(g). On September 15, 2023, Plaintiffs filed a Consolidated Class Action Complaint.

8.      Plaintiffs alleged they and Class Members have suffered or will suffer: (i) a risk of fraud and identity theft; (ii) lost or diminished value of Private Information; (iii) out-of-pocket

expenses associated with mitigation efforts; (iv) lost opportunity costs associated with mitigation efforts, including lost time; (v) invasion of privacy; and (vi) emotional distress, fear, anxiety, nuisance and annoyance.

9. Plaintiffs sought various relief, including monetary relief and equitable relief enjoining Defendant from engaging in the wrongful conduct complained of and compelling Defendant to utilize appropriate methods and policies with respect to data collection, storage, and safety.

## SETTLEMENT BENEFITS

10. The Settlement negotiated on behalf of the Class provides for a $1,250,000 non-reversionary Settlement Fund that will be used to pay for Administrative Expenses, Taxes, any Service Awards, and any Fee Award and Costs. The remaining amount, i.e., the Net Settlement Fund, will be used to pay for Approved Claims submitted by Class Members for Settlement Benefits. Class Members may submit a claim for only one of the following Settlement Benefits:

   a. Credit Monitoring and Insurance Services: Class Members have the option of claiming 12 months of Credit Monitoring and Insurance Services ("CMIS"). The CMIS benefit will provide at a minimum three credit bureau monitoring services and $1 million in identity theft insurance. *Id*. CMIS benefits will be available to Class Members irrespective of whether they took advantage of any previous offering of credit monitoring from Onix. *Id*. Individuals who file a valid claim for Credit Monitoring and Insurance Services will receive an enrollment code – valid for 180 days after the Effective Date of the Settlement – that can be used to enroll in the service. *Id*.

b. <u>Documented Loss Payment</u>: Class Members may submit a claim for a Documented Loss Payment seeking up to $5,000 per person for the reimbursement of Documented Losses with Reasonable Documentation. Documented Losses must be supported sufficient to show that the claimed loss is more likely than not a result of the Data Incident. Any Class Member who previously paid out-of-pocket for credit monitoring as a result of the Data Incident will be eligible to be reimbursed under this category. The Settlement Administrator will review these claims for compliance with the requirements of the Settlement Agreement. Any claim for a Documented Loss Payment that is rejected, if not timely cured, will instead be considered for a Cash Fund Payment.

c. <u>Cash Fund Payment</u>: ***<u>In the alternative to all the foregoing settlement benefits</u>***, Settlement Class Members may instead elect to receive a *pro rata* Cash Fund Payment. Settlement Class Members who submit a claim for a Cash Fund Payment will not be entitled to select the CMIS or Documented Loss Payment.

d. In addition to monetary benefits, Onix has implemented or will implement data security measures and enhancements following the Data Incident.

11. The Settlement Fund shall be used to make payments for the following: (i) Administrative Expenses, (ii) Fee Award and Costs, (iii) the costs of providing the CMIS; (iv) Approved Claims for Documented Loss Payments (up to $5,000 per claim); and (v) Approved Claims for *pro rata* Cash Fund Payments. The remaining amount is the Net Settlement Fund. The Settlement Administrator will first apply the Net Settlement Fund to pay for CMIS claimed by Class Members. If Net Settlement Funds remain after paying for the CMIS, the Settlement Administrator will next use it to pay valid claims for Documented Loss Payments. The amount of

the Net Settlement Fund remaining after all Documented Loss Payments are applied and the payments for the CMIS are made shall be referred to as the "Post CMIS/DL Net Settlement Fund." The Settlement Administrator shall then utilize the Post CMIS/DL Net Settlement Fund to make all *pro rata* Cash Fund Payments. The amount of each *pro rata* Cash Fund Payment shall be calculated by dividing the Post CMIS/DL Net Settlement Fund by the number of valid claims submitted for Cash Fund Payments.

12.     The Settlement Fund is non-reversionary. To the extent any monies remain in the Net Settlement Fund more than 120 days after the distribution of Settlement Payments, a subsequent Settlement Payment, assuming such payment is over $3.00, will be evenly made to all Class Members with Approved Claims for Cash Fund Payments, who cashed or deposited the initial payment they received. Should any remaining amount of the Net Settlement Fund be economically not distributable, the Parties shall petition the Court for permission to distribute the remaining funds to an approved non-profit recipient, providing the Court with details of the proposed non-profit recipient.

## <u>CLASS CERTIFICATION</u>

13.     For purposes of settlement only, the Court provisionally certifies the class, defined as follows:

> All natural persons whose Private Information was compromised in the Data Incident, including all individuals who were sent the Notice of Data Privacy Incident on or around May 26, 2023, and who are not deceased (the "Nationwide Class" or "Class").

14.     Excluded from the Settlement Class are: (1) the Judges presiding over the Action and members of their immediate families and their staff; (2) Onix and its affiliates, including their subsidiaries, parent companies, successors, predecessors, and any entity in which Onix or its affiliates, and their parents, have a controlling interest, and their current or former officers and

directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

15.     The Court provisionally finds for Settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the Class Representatives' claims are typical of the claims of the Settlement Class; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class; and (e) the Court finds that the questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## SETTLEMENT CLASS COUNSEL AND THE CLASS REPRESENTATIVES

16.     Plaintiffs Eric Meyers, Donald Owens, Aida Albino Wimbush, Ashtyn Mark, Leah Simione, Melissa Lyston, and Angela Haynie, as described more fully in the Consolidated Class Action Complaint filed in this Action, are hereby provisionally designated and appointed as the Class Representatives. The Court provisionally finds that the Class Representatives are similarly situated to absent Settlement Class Members and are typical of the Settlement Class, and, therefore, they will be adequate Class Representatives.

17.     The Court finds that Benjamin F. Johns, Esq. of Shub & Johns LLC and Gary M. Klinger, Esq. of Milberg Coleman Bryson Phillips Grossman PLLC, the Proposed Interim Co-Lead Class Counsel, are experienced and adequate counsel and are provisionally designated as Settlement Class Counsel.

## NOTICE TO SETTLEMENT CLASS

18.     Pursuant to Federal Rule of Civil Procedure 23(e), the Court approves the Long Form Notice and the Summary Notice (the "Settlement Notices"), attached as Exhibits B and C, respectively, to the Settlement Agreement, and finds that the dissemination of the Settlement Notices substantially in the manner and form set forth in §§ 6.1-6.3 of the Settlement Agreement complies fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

19.     The Court further approves the Claim Form, substantially similar to Exhibit A to the Settlement Agreement, which will be available both on the Settlement Website and by request.

20.     The Notice procedures described above are hereby found to be the best means of providing Notice under the circumstances and, when completed, shall constitute due and sufficient Notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

21.     The Court hereby orders that, within ten (10) days of entry of this Order, Onix shall provide to the Settlement Administrator the contact information of Settlement Class Members, including names and physical addresses, that is currently in Onix's possession.

22.     No later than thirty-five (35) days from the date of this Order preliminarily approving the Settlement ("Notice Date"), Class Counsel shall cause the Settlement Administrator to send via U.S. mail the Summary Notice to each Settlement Class Member and shall cause to be published the Long Form Notice, thereby making it available to the rest of the Settlement Class as stated in the proposed Notice Plan.

23.     Contemporaneously with seeking final approval of the Settlement, Class Counsel and Onix shall cause to be filed with the Court an appropriate affidavit or declaration from the Settlement Administrator with respect to complying with the Notice Plan.

24.     All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid from the Settlement Fund.

25.     The Settlement Notices and Claim Form satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus are approved for dissemination to the Settlement Class. The Claim Form shall be made available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Class Member that requests one.

<u>**Responses by Settlement Class Members and the
Scheduling of the Final Approval Hearing**</u>

26.     Settlement Class Members may opt-out or object up to sixty (60) days from the Notice Date (the "Opt-Out Period").

27.     Any members of the Settlement Class who or that wishes to be excluded ("opt out") from the Settlement Class must send a written Request for Exclusion to the designated Post Office Box established by the Settlement Administrator postmarked on or before the end of the sixty-day Opt-Out Period. Members of the Settlement Class may not opt out of the Settlement by submitting requests to opt out as a group or class, but must in each instance individually and personally sign and submit a Request for Exclusion. All Settlement Class Members that opt out of the Settlement will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Onix or the other Released Parties.

28.     Any member of the Settlement Class who does not properly and timely opt out of the Settlement shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

29.     The Court adopts the following schedule for the remaining events in this case, which ensures that the appropriate state and federal officials are served with the notification required by the Class Action Fairness Act:

| Event | Date |
| --- | --- |
| Onix provides CAFA Notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of this Motion |
| Onix to provide contact information for Settlement Class Members | Within 10 days after entry of Preliminary Approval Order |
| Notice Plan commences ("Notice Date") | Within 35 days after entry of Preliminary Approval Order |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d): | 90 days after the appropriate governmental offices are served with CAFA notice |
| Postmark deadline for Requests for Exclusion (opt out) or objections: | 60 days after commencement of Notice Plan |
| Deadline to file Plaintiffs' Motion for Final Approval of the Settlement Agreement and Motion for Attorneys' Fees, Expenses, and Service Awards: | No later than 14 days prior to the Opt-Out/Objection Deadline |
| Postmark/Filing deadline for members of the Class to file claims | 90 days after Notice Date |
| Deadline for Plaintiffs to file any Response to Objections or Supplement to Motion for Final Approval | No later than 7 days prior to the Final Approval Hearing |
| Deadline for Settlement Administrator to file or cause to be filed, if necessary, a supplemental declaration with the Court | At least 5 days prior to the Final Approval Hearing |
| Final Approval Hearing | No earlier than 120 days after Preliminary Approval Order; to be set by the Court and |

| | held at the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 16613 U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106 in Courtroom ____ and/or by virtual attendance, details of which to be provided before the Final Approval Hearing on the Settlement Website. |
| --- | --- |

30.    A hearing on the Settlement (the "Final Approval Hearing") shall be held before this Court on a date set by the Court no earlier than 120 days after entry of the Preliminary Approval Order.

31.    At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class Settlement and whether the Settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Action; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Action. Class Counsel's application for the Fee Award and Costs, and request for the Court to award a Service Award to the named Plaintiffs, shall also be heard at the time of the hearing.

32.    The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of Notice, the completion of the Opt-Out Period, or the deadlines for submissions of Settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order. The Court may also decide to hold the hearing via Zoom or telephonically. Instructions on how to appear at the Final Approval Hearing will be posted on the Settlement Website.

33.     Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through its own attorney. Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Class Counsel.

34.     Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Settlement Class Member may object to, among other things, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Class Counsel's application for Fee Award and Costs, or (d) the Service Award request, by mailing a written objection, with a postmark date no later than the Objection Deadline, to Class Counsel and Onix's counsel. The Settlement Class Member making the objection (the "Objector") or his or her counsel may also file an objection with the Court through the Court's Electronic Court Filing ("ECF") system, with service on Class Counsel and Onix's Counsel made through the ECF system. For all objections mailed to Class Counsel and counsel for Onix, Class Counsel will file them with the Court with the Motion for Final Approval of the Settlement.

35.     The Objector's objection must be either (1) filed with the Court no later than sixty (60) days after the Notice Date or (2) mailed to Class Counsel and Onix's counsel, with a postmark date of no later than sixty (60) days after the Notice Date. To be valid, the objection must include: (i) the Objector's full name and address; (ii) the case name and docket number, *In re Onix Group, LLC Data Breach Litigation*, Case No. 23-2288-KSM (E.D. Pa.); (iii) information identifying the Objector as a Settlement Class Member, including proof that the Objector is a member of the Settlement Class (e.g., copy of the Objector's Settlement Notice, copy of original notice of the Data Incident, or a statement explaining why the Objector believes he or she is a Settlement Class

Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the Objector believes applicable; (v) the identity of any and all counsel representing the Objector in connection with the objection; (vi) a statement whether the Objector and/or his or her counsel will appear at the Final Approval Hearing; and (vii) the Objector's signature or the signature of the Objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

36.    Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; and/or (e) the Service Award request for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

37.    Settlement Class Members need not appear at the hearing or take any other action to indicate their approval of the Settlement.

38.    Upon entry of the Order and Final Judgment, all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Onix and all other Released Parties with respect to all of the Released Claims.

39.    Onix shall cause to be prepared and sent all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. The costs associated with providing notice under CAFA shall be paid from the Settlement Fund.

40.     Class Counsel and counsel for Onix shall cooperate promptly and fully in the preparation of such notices, including providing Onix with any and all information in its possession necessary for the preparation of these notices. Onix shall provide, or cause to be provided, courtesy copies of the notices to Class Counsel for the purpose of implementing the settlement. Onix shall provide notice to Class Counsel of compliance with the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

## Administration of the Settlement

41.     The Court hereby appoints the claims administrator proposed by the parties, Angeion Group ("Settlement Administrator"). Responsibilities of the Settlement Administrator shall include: (a) establishing a post office box for purposes of communicating with Settlement Class Members; (b) disseminating Notice to the Class; (c) developing a Settlement Website to enable Settlement Class Members to access documents; (d) accepting and maintaining documents sent from Settlement Class Members relating to claims administration; and (e) distributing Settlement checks to Settlement Class Members. Pursuant to the Settlement Agreement, the Settlement Administrator and Administrative Expenses shall be paid from the Settlement Fund.

42.     In the event the Settlement Agreement and the proposed Settlement are terminated in accordance with the applicable provisions of the Settlement Agreement—the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against Onix and any other Released Party, and Onix and any other Released Parties shall retain any and all of their current defenses and arguments thereto (including, but not limited to, arguments that the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) are not

satisfied for purposes of continued litigation). The Action shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

43.     Neither this Order nor the Settlement Agreement nor any other Settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Onix as to the validity of any claim that has been or could have been asserted against it or any other Released Party as to any liability by them as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed Settlement.

**SO ORDERED** this _____ day of _____, _____.

_____

KAREN SPENCER MARSTON, J.